GREEN BUS LINES, INC., Appellant, *v.* OCEAN ACCIDENT AND GUARANTY CORPORATION, LTD., Respondent.

Argued January 9, 1940; decided March 5, 1940.

*Daniel A. Dorsey, Louis Timberg, Rubin Mazel* and *Walter R. Hart* for appellant. The complaint states a valid cause of action. (*Gillespie* v. *Brooklyn Heights R. R. Co.*, 178 N. Y. 347; *Putnam* v. *Broadway & Seventh Ave. R. R. Co.*, 55 N. Y. 108; *People* v. *Martin*, 203 App. Div. 423; 235 N. Y. 550; *Hutchinson* v. *McCue*, 101 Fed. Rep. [2d] 111; *Floralbell Amusement Corp.* v. *Standard S. & C. Co.*, 256 App. Div. 221.)

*Nathaniel H. Jackson* and *Harold L. Fierman* for respondent. The complaint fails to state a valid cause of action. (*Cornell* v. *Travelers' Ins. Co.*, 175 N. Y. 239; *Mayor, Lane & Co.* v. *Commercial Casualty Ins. Co.*, 169 App. Div. 772; *White* v. *Maryland Casualty Co.*, 139 App. Div. 179; *Royal Indemnity* v. *May & Ball*, 222 Ky. 157; *Coleman* v. *New Ansterdam Casualty Co.*, 247 N. Y. 271; *Roth* v. *National Automobile Mut. Cas. Co.*, 202 App. Div. 667; 235 N. Y. 605; *Suydam* v. *Public Indemnity Co.*, 10 N. J. Misc. Rep. 868; *Assets Realization Co.* v. *Howard*, 211 N. Y. 430; *Bear Film Co.* v. *Indemnity Co. of North America*, 22 Cal. App. [2d] 520; *Weatherwax* v. *Royal Indemnity Co.*, 250 N. Y. 281; *Hermance* v. *Globe Indemnity Co.*, 221 App. Div. 394.)

SEARS, J. The basic question here is as to the sufficiency of the plaintiff's complaint. It appears therefrom that on December 31, 1934, the defendant issued to the plaintiff

its policy of insurance by which the defendant agreed to pay any sums which the plaintiff might become obligated to pay by reason of the liability imposed by law upon the plaintiff for damages for and incident to injuries to persons resulting from the ownership, operation, maintenance, use or defective construction of certain motor vehicles if suffered or alleged to have been suffered during the following twelve months by any person or persons, with certain exceptions not here material. It also appears from the complaint that the defendant by the terms of the policy agreed to investigate all reported accidents; to defend in the name and on behalf of the plaintiff any suit, even if groundless, brought against the plaintiff to recover damages covered by the policy unless the defendant elected to effect settlement; to pay all expenses incurred by the defendant for investigation, settlement or defense, including all costs assessed against the plaintiff. It further appears that on the 25th day of August, 1935, while the policy was in effect, a person named Rose Berger became a passenger on one of the plaintiff's vehicles as prescribed in the policy, and thereafter brought suit against the plaintiff for injuries which she received or claimed to have received while such a passenger. Attached to the complaint is a copy of Rose Berger's complaint in her action against the plaintiff. Further allegations in the complaint are to the effect that the plaintiff, pursuant to the terms of the policy, notified the defendant of the commencement of the Berger action and forwarded to it the summons and complaint. Thereafter the defendant sent the plaintiff a letter reading as follows:

" *January* 14, 1936.

" Green Bus Lines, Inc.,
" Queens Boulevard and 37th St.
" Long Island City, N.Y.
" Re: O-13487 Levy et al vs. Green Bus Lines, Inc.
" Your #5912

" Gentlemen:

" Referring to the above captioned claim, which we are defending in the Supreme Court, County of New York,

please be informed that we are instructed by Home Office to advise you this claim is not covered under your policy; that we will investigate and defend the action with a full reservation of rights and that our act will not be construed as waiving any of the terms or conditions of the policy.

"Very truly yours,

"JAMES J. HOREAU

"*Claims Manager.*

"JJH:K

"CC RICHMOND"

Still later defendant sent the plaintiff a letter in the following words:

"*July 8th,* 1938.

"GREEN BUS LINES, INC.

"c/o WALTER HART, ESQ.

"66 Court Street

"Brooklyn, N.Y.

"Re: O-13487 Rose Berger vs. Green Bus Lines

"Gentlemen:

"In accordance with our telephone conversation this date, we advise you, as follows:

"We are willing that you settle the above captioned action for $2,700.00 without prejudice to your rights under your policy with the Ocean Accident & Guarantee Corporation, Ltd., and our reservation of rights thereunder delivered to you in connection with the above matter.

"In connection with any action instituted by you under said policy, in reference to this proposed settlement if made, we agree to accept service of the summons and complaint in the Supreme Court of the State of New York, County of New York or County of Queens. In such action we agree that we will not present, by way of defense or testimony, any defense as to the amount of the settlement, or any restrictive provisions in the policy with reference to your rights to settle. In that way, the issue in the action will be whether or not you are indemnified under the policy.

" In the event that you do not consummate the settlement above referred to, the foregoing is, of course, without prejudice to your rights, or our rights under the policy, or the reservation of rights made by us thereunder in behalf of the company.

" Very truly yours,
" JAMES J. HOREAU
" <em>Claims Manager</em>

" JJH:C "

The complaint then continues, as follows:

" <em>Thirteenth:</em> That subsequent thereto and on or about the 17th day of June, 1938, the plaintiff herein, with the consent of the defendant herein, settled the action instituted by the said Rose Berger as aforesaid, by paying to the said Rose Berger, the sum of Twenty Seven Hundred ($2700.00) Dollars in full settlement of said action."

Nowhere in the complaint is there any allegation that the plaintiff was under any legal obligation to pay Rose Berger any sum in compensation for her injuries or are there any allegations from which legal liability to Rose Berger can be inferred, and yet the only obligation assumed by the defendant under the policy is to protect the plaintiff from legal liability in a situation such as is here involved. The policy does not provide for reimbursement of moneys expended to settle or compromise groundless claims. (<em>Cornell</em> v. <em>Travelers, Ins. Co.</em>, 175 N. Y. 239.) The plaintiff seems to realize its failure to assert a claim within the direct promise of the insuring clause, and relies upon the letters of the defendant as admissions by the defendant that its claim for the sum paid Rose Berger is to be treated as covered by the policy. To understand the letters, attention must be given to a further clause of the policy, as follows: " No action shall be maintained against the Company[ the defendant] under this policy unless brought after the amount of loss shall have been fixed either by a final determination of litigation or by agreement between the parties with the written consent of the Company." The second letter is such a written consent to the amount of the settle-

ment. It, as well as the first letter, specifically states that the defendant waives no defense available to it under its agreement in respect to the Berger action and the loss resulting therefrom, except as to the amount which properly compensates Rose Berger for her injuries. It still remains necessary, despite the letter, for the plaintiff to show that the plaintiff was liable to Rose Berger for the injuries, although it is no longer necessary for the plaintiff to show the character of the injuries or the amount that would fairly compensate her.

There being a total failure to allege liability to Rose Berger directly or indirectly, the complaint fails to state facts sufficient to constitute a cause of action, and the judgment appealed from should be affirmed, with costs. The appeal from the order denying plaintiff's motion for summary judgment should be dismissed without costs, as academic. (See 282 N. Y. 737.)

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Judgment affirmed and appeal from order dismissed.