Louis Magnone, Inc., Plaintiff, *v.* Pacific Coast Fire Insurance Company of Vancouver, Defendant.

City Court of the City of New York, Special Term, New York County, December 14, 1949.

*Frank Pascarella* for plaintiff.

*Martin J. Kelly, Jr.,* for defendant.

BYRNES, C. J.   Plaintiff has moved for summary judgment under rules 113 and 114 of the Rules of Civil Practice; and the defendant has cross-moved, under rule 113, for summary judgment in its favor.

Plaintiff seeks to recover counsel fees, from the defendant insurance company, which it incurred in the defense of an action which was brought against it, the plaintiff, in the United States District Court for the Southern District of New York.

The essential facts are not in dispute. Plaintiff, a private carrier by motor truck in New York city, loaded certain merchandise on its truck, which it had received from Lowell Trucking Corporation, an interstate carrier. The merchandise was loaded, as aforesaid, on plaintiff's truck at number 111 West 15th Street in the city of New York, on September 11, 1945. On the same day the plaintiff transported the merchandise to the premises of the consignee, Marlene Sportswear, Inc., at 141 West 36th Street, in the city of New York, but the consignee refused to accept delivery. Plaintiff's truck containing the merchandise then returned to plaintiff's garage at 111 West 15th Street, where it remained until September 20, 1945, a period of nine days; the merchandise was never unloaded from the truck. On September 20, 1945, at about 6:30 A.M., one of the plaintiff's employees discovered that the truck with the merchandise (thirty-four cartons of rayon piece goods) still upon it had been stolen from plaintiff's garage sometime during the night of September 19th to 20th.

Plaintiff notified the defendant, its insurer, of this loss and defendant sent an adjuster to plaintiff's premises to investigate. A written statement signed by Louis Magnone, plaintiff's president, was obtained by the adjuster.

The defendant insurance company disclaimed liability, relying upon the following provision of the policy of insurance: " Where said goods have ceased to be in due course of transit by reason of the failure of the consignee to take delivery this insurance shall attach and cover for not exceeding 72 hours (Sundays and legal holidays in addition thereto) while the goods remain in the possession of the Assured in or on any such truck or trailer or in any terminal, warehouse, garage or depot ". Inasmuch as the merchandise had been in the plaintiff's possession for a period greatly exceeding seventy-two hours after the consignee had failed to take delivery, the defendant took the position that the loss was without the coverage of the policy.

The owner of the lost merchandise, Textron, Inc., brought the aforementioned action, in the United States District Court for the Southern District of New York, to recover its value against the plaintiff and also against the Lowell Trucking Corporation. The plaintiff (defendant in that action) forwarded the complaint to the defendant in the case at bar and requested that the latter undertake the defense of that litigation; the said defendant, however, refused to do so, adhering to its position that the loss was not within the coverage of the policy.

The plaintiff then retained Frank Pascarella, Esq., an attorney, to defend it in the said Federal Court action, which was tried before a judge and jury, and resulted in a verdict in favor of this plaintiff as one of the defendants in the said action. Textron, Inc., had a recovery at the hands of the jury against Lowell Trucking Corporation, but not against the plaintiff at bar.

However, this plaintiff allegedly expended the sum of $3,000 for counsel fees in the defense of the said action and now, in the present action, seeks reimbursement from the defendant insurance company. The question here presented is whether, under the terms of the policy, and under the allegations of the complaint in the Federal court action against this plaintiff, there rested upon the defendant insurance company the duty to defend the plaintiff in the Federal court action. The only documents which need to be considered in answering this question are the policy itself and the complaint in the Federal court litigation, in which two counts were pleaded against the plaintiff: (1) one sounding in contract and for breach of plaintiff's duty as a common carrier; (2) in negligence.

By the specific provisions of the policy, the defendant insured the plaintiff '' with respect to goods and merchandise on any truck or trailer, against the assured's liability to others as a private or common carrier, or under bills of lading or shipping receipts, for loss of or damage to lawful goods and merchandise consisting of general merchandise caused directly by any of the perils enumerated below for which loss or damage the assured may be held legally liable ''. The perils particularly specified in the policy were fire, flood, cyclone, accidental collision, overturning of motor truck and so forth, but did not include loss by theft. By an indorsement added to the policy the coverage was extended to include loss by theft; the indorsement provided as follows: '' It is understood and agreed that this policy insures the legal liability of the assured for direct loss or damage caused by: — Theft and/or non-delivery, * * * ''. The coverage, however, was limited by section 2 of the policy, to which reference has already been made and which reads as follows: '' This insurance shall attach and cover only with respect to such loss or damage occurring within the Continental United States and Canada, and, except as hereinafter provided, only while the said goods are in the custody of the Assured and in due course of transit (a) in or on any truck or trailer specified below while the same is being operated by the Assured, or (b) while temporarily unloaded from

or awaiting loading upon any such truck or trailer but for not exceeding 72 hours (Sundays and legal holidays in addition thereto). Where said goods have ceased to be in due course of transit by reason of the failure of the consignee to take delivery this insurance shall attach and cover for not exceeding 72 hours (Sundays and legal holidays in addition thereto) while the goods remain in the possession of the Assured in or on any such truck or trailer or in any terminal, warehouse, garage or depot ".

These and other clauses and conditions of the policy seem to have been adopted in part from standard provisions of fire insurance policies, in part from policies of marine insurance and in part from liability policies. It seems quite clear — although for reasons hereinafter indicated it is unnecessary to decide this — that the particular loss upon which the Federal court litigation was based, fell without the coverage of the policy, in view of the limitation of coverage expressed in section 2.

However, even if it were necessary to hold that the loss fell within the coverage of the policy, it is my view that the present cause of action would nevertheless fail. The policy of insurance contained no agreement by the insurer to defend groundless actions which might be brought against the assured. The only obligation which the policy imposed upon the insurer was to indemnify the assured when its liability had been established as the result of an action against it (*Cornell* v. *Travelers' Insurance Co.*, 175 N. Y. 239, cited with approval in *Green Bus Lines, Inc.* v. *Ocean Accident & Guar. Corp.*, 282 N. Y. 104, 108).

Indeed, the present case is a stronger one, from the standpoint of the insurance company, than was the *Cornell* case (*supra*); for in that case the policy contained a provision that the company " shall defend said proceeding on behalf of the insured "; the policy under consideration does not so provide, but merely affords to the company " the exclusive option to settle or defend any claim made, or action brought against the assured to recover for a loss to which this policy applies ".

It has been stated that the primary obligation of the insurer under policies of this kind is to meet or cover the legal liability of the assured, and that the duty to defend a suit against the assured is dependent upon and is designed to supplement the primary obligation (8 Appleman on Insurance Law and Practice, § 4682, p. 7). Since the insurer's duty to defend is no more than correlative with its duty to pay a judgment which may be

obtained against the assured, it is apparent that the insurer has the duty only of defending such an action against the assured as (1) is not groundless, so that if it goes to trial, eventuates in a recovery against him and (2) is based upon a loss which falls within the coverage of the policy (cf. 8 Appleman on Insurance Law and Practice, § 4684, p. 12). Again (in 8 Appleman on Insurance Law and Practice, § 4682, p. 4) we find the following: " to put it another way, the insurer must defend any action where, if liability is established, the insurer would be liable."

No liability on the part of this plaintiff was established in the Federal court action inasmuch as the complaint against it of Textron, Inc. (plaintiff in that action) and also a cross complaint in the same action by Lowell Trucking Corporation (a defendant therein) against this plaintiff, were dismissed on the merits.

The contention of the plaintiff that the so-called " Sue and Labor " clause, section 9 of the policy, applies to the fee of the attorney whom the plaintiff retained to defend it in the Federal court action is without merit. The " Sue and Labor " clause has no application to such fee. Such a clause is generally to be found in marine insurance policies. " The object of the clause is to furnish compensatory encouragement to the insured, to put forth diligent and prudent effort towards a prevention or diminution of the underwriters' loss, without prejudice to the rights of either party under the policy of insurance.* * * Thus it will be observed that this clause is strictly confined to the cost of efforts made to save the thing insured from damage by the perils insured against in the policy." (Richards on Insurance [3d ed.], pp. 631, 633; cf. *Munson* v. *Standard Marine Ins. Co.,* 156 F. 44, certiorari denied, 209 U. S. 543.)

Plaintiff's motion for summary judgment under rules 113 and 114 of the Rules of Civil Practice is denied.

The cross motion of the defendant for summary judgment under rule 113 of the Rules of Civil Practice is granted and the complaint is dismissed.

Order signed.