■ PREAMBLE PROPERTIES, L.P., Respondent-Appellant, v THOMAS K. WOODARD ANTIQUES CORP. et al., Appellants-Respondents, et al., Defendant. [739 NYS2d 824] —Order and judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered January 11, 2001 and February 22, 2001, respectively, which, inter alia, granted partial summary judgment to plaintiff commercial landlord Preamble Properties as against defendant tenant Thomas K. Woodard Antiques Corp. and individual guarantor defendants Thomas K. Woodard and Blanche Greenstein for rent due plaintiff under the subject lease and guarantees through January 2, 1996, the date upon which the premises were surrendered, awarding plaintiff $15,921.31, plus interest, costs and disbursements; and granted defendants' motion for summary judgment insofar as to grant partial summary judgment to individual defendant guarantors Woodard and Greenstein dismissing plaintiff's claims against them to the extent such claims sought rent due

after surrender of the subject premises on January 2, 1996, and to grant defendant Pambartim Corp. summary judgment dismissing plaintiff's claim against it for tortious interference with contract, unanimously affirmed, with costs.

The court properly dismissed plaintiff Preamble's claims against Pambartim for tortious interference with contract. The record is devoid of evidence sufficient to raise a triable issue as to whether defendant Pambartim knew of the existence of the allegedly breached lease between plaintiff and defendant Thomas K. Woodard Antiques Corp., and, a fortiori, there can be no triable issue as to whether Pambartim intentionally procured that lease's breach (*see, Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424).

The court also properly dismissed Preamble's third and fourth causes of action, insofar as such causes sought to hold the individual guarantors, Woodard and Greenstein, liable for lease payments subsequent to the surrender date, which the motion court properly found was January 2, 1996, since, pursuant to their guarantees, the guarantors' only obligation was to pay amounts owed by defendant commercial tenant with respect to the period prior to the commercial tenant's vacating of the premises (*see, L & B 57th St., Inc. v E.M. Blanchard, Inc.*, 143 F3d 88, 93).

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Buckley, Sullivan, Ellerin and Wallach, JJ.