■ RALPH C. DORSEY, Appellant, v MEDICAL SOCIETY OF THE STATE OF NEW YORK, Respondent. [740 NYS2d 878] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about October 29, 2001, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In an action previously concluded in defendant's favor, plaintiff sought to impose liability upon defendant for failing to appear and advocate on his behalf at a license restoration hearing. Inasmuch as plaintiff, in the present action, again alleges that defendant wrongfully failed to appear and advocate for him at the restoration hearing, his action is barred by the doctrine of res judicata. The application of the doctrine is not

avoided by the circumstance that plaintiff now complains of fraud, whereas his prior complaint was for breach of contract, since both causes of action arise out of the same transaction and plaintiff had a full and fair opportunity to litigate his fraud claim in the prior action (*see, Marinelli Assoc. v Helmsley-Noyes Co.*, 265 AD2d 1, 5). Contrary to plaintiff's argument, there is no basis to estop defendant from relying on the doctrine of res judicata. There is nothing in the record indicating that defendant did anything to mislead plaintiff or otherwise wrongfully prevent him from asserting his fraud claim in the prior action (*see, Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184; *Powers Mercantile Corp. v Feinberg*, 109 AD2d 117, 122, *affd* 67 NY2d 981). Concur—Williams, P.J., Nardelli, Saxe, Rosenberger and Marlow, JJ.