■ ITT INDUSTRIES, INC., Appellant, v FACTORY MUTUAL INSURANCE COMPANY, Defendant, and AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY et al., Respondents. [756 NYS2d 188] —Order and judgment (one paper), Supreme Court, New York County (Helen Freedman, J.), entered December 14, 2001, which, inter alia, granted the motion of the Industrial Risk Insurer defendants and the cross motion of defendant American Guarantee and Liability Insurance Company for summary judgment declaring that no coverage exists for plaintiff's claim and dismissing the complaint, unanimously affirmed, with costs.

Plaintiff's claim against the remaining insurer defendants for recovery of the costs it incurred in its Y2K remediation, involving work beginning several months before the effective date of the binder and continuing through a period when there was a clear issue over whether the final policy would include an exclusion barring such claim, was excluded under the policy, which superseded the binder (*see Springer v Allstate Life Ins. Co.*, 94 NY2d 645, 649 [2000]). Given the well-known concern over problems anticipated in computer date recognition immediately preceding the year 2000, no reasonable insurer could have been expected to ignore the issue in drafting new policies, especially for large and diverse technology companies such as plaintiff. Plainly, this was not a situation in which plaintiff could justifiably assume standard policy provisions would be carried over into its policy. Plaintiff, by advancing the untenable interpretation that the policy provided coverage for a resulting loss of an excluded risk (*see Narob Dev. Corp. v Insurance Co. of N. Am.*, 219 AD2d 454 [1995], *lv denied* 87 NY2d 804 [1995]; *Laquila Constr., Inc. v Travelers Indem. Co.*, 66 F Supp 2d 543, 545-546 [1999], *affd* 216 F3d 1072 [2000]), did not satisfy its burden to show that coverage rested on an exception to the exclusion (*see Northville Indus. Corp. v National Union Fire Ins. Co.*, 89 NY2d 621, 634 [1997]; *Monteleone v Crow Constr. Co.*, 242 AD2d 135, 140 [1998], *lv denied* 92 NY2d 818 [1998]). Its contention that coverage was provided under the "sue and labor" clause lacks merit for the similar reason that such clauses provide coverage for the insured's mitigation of damages resulting from covered perils only (*see Louis*

*Magnone, Inc. v Pacific Coast Fire Ins. Co.*, 197 Misc 264, 269 [1949]; *International Commodities Export Corp. v American Home Assur. Co.*, 701 F Supp 448, 453-454 [1988], *affd* 896 F2d 543 [1990]).

We have considered plaintiff's other contentions and find them unavailing. Concur—Nardelli, J.P., Andrias, Saxe, Williams and Marlow, JJ.