■ Henry Fajemirokun, Appellant, v Dresdner Kleinwort Wasserstein Limited, Formerly Known as Kleinwort Benson Limited, Respondent. [812 NYS2d 478]—

Judgment, Supreme Court, New York County (Richard B. Lowe III, J.), entered April 13, 2005, dismissing the complaint, unanimously affirmed, with costs.

In a prior arbitration under the auspices of the National Association of Securities Dealers (NASD) against defendant's parent company, plaintiff sought $2 million plus deferred sums as damages, alleging he was terminated as a result of a "takeover" by the parent banking group within the meaning of a change-in-control provision in his "secondment" agreement with the parent. His employment agreement with defendant home company, which was negotiated in the same context and at the same time, contains the identical provision. Plaintiff now seeks to relitigate those very same issues—namely, that he was terminated as a result of the "takeover," triggering a $2 million award—in the instant action against this defendant.

Although the NASD arbitration involved an alleged breach of the secondment agreement and the instant action involves breach of the employment agreement, it is clear that "the fundamental gravamen of the wrong is precisely the same" (*see Marinelli Assoc. v Helmsley-Noyes Co.*, 265 AD2d 1, 8 [2000]). The underlying factual setting is identical, involving two agreements simultaneously negotiated and containing identical change-of-control provisions. Plaintiff's claim here is identical to the one he asserted before the arbitrators—that he is entitled to $2 million, plus deferred amounts, because the change-of-control provision in his contract was triggered. In order to trigger the provision, plaintiff needed to prove that he was terminated as a result of the Allianz merger, or that Allianz was not an "affiliate" of the Dresdner Bank group as that term is defined in both agreements. This was the issue litigated before the arbitrators, and the identical issue plaintiff seeks to litigate in this action.

While the arbitrators did not issue a written opinion, it is evident that in awarding him $800,000—the value of his deferred compensation ($680,000) and roughly six months of severance pay ($120,000)—they had to conclude that the change-of-control provision had not been triggered, and plaintiff had been involuntarily terminated without cause. The deferred compensation plan, which was in evidence, provided for payment of withheld compensation in the event of an involuntary termination for any reason. The fact that the arbitrators did not award plaintiff the remaining $2 million set forth in the

change-of-control provision meant the arbitrators must have found either that he was not terminated as a result of the takeover, or that Allianz Group was an "affiliate" of the Dresdner Bank Group. If the arbitrators had concluded that plaintiff had been terminated as a result of the Allianz transaction and that Allianz was not an affiliate, the clause would have been triggered and plaintiff would have been awarded his $2 million.

Finally, plaintiff had a full and fair opportunity to litigate his claim against defendant (*see Dorsey v Medical Socy. of State of N.Y.*, 294 AD2d 129 [2002]). At the arbitration hearing, plaintiff cross-examined the parent company's witnesses (at least two of whom were present or former employees of defendant) at length regarding, inter alia, the reasons for Dresdner's combining of Global Debt and Global Equity to form the Capital Markets Line; the relationship, if any, between such restructuring and the Allianz transaction; whether Allianz was an affiliate of the Dresdner Bank Group; and whether plaintiff was terminated as a result of the takeover. Because plaintiff seeks to relitigate precisely those issues in the instant action, he is barred by res judicata.

We have considered plaintiff's remaining arguments and find them without merit. Concur—Tom, J.P., Gonzalez, Sweeny, Catterson and Malone, JJ.