■ NORTH AMERICAN VAN LINES, INC., et al., Appellants, v AMERICAN INTERNATIONAL COMPANIES et al., Respondents, et al., Defendants. (Action No. 1.) NORTH AMERICAN VAN LINES, INC., et al., Appellants, v AON RISK SERVICES COMPANIES, INC., et al., Respondents. (Action No. 2.) [832 NYS2d 530]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J.), entered February 16, 2005, dismissing action No. 1, and order, same court and Justice, entered April 10, 2006, which granted defendants' motions to dismiss action No. 2, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered December 13, 2004, which granted defendants' motions to dismiss action No. 1, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In action No. 1 for breach of contract, plaintiffs allege that broker Aon did not procure the promised insurance, which, as reflected in the binder, covered legal expenses and pre- and postjudgment interest in addition to a per occurrence retention of $5 million, and that insurer AIG issued only a draft policy that plaintiffs did not accept, thereby entitling plaintiffs to sue on the binder. This action was correctly dismissed on the ground that the binder was superseded by the policy (*Springer v Allstate Life Ins. Co. of N.Y.,* 94 NY2d 645, 649 [2000]; *ITT Indus. v Factory Mut. Ins. Co.,* 303 AD2d 177 [2003]). Plaintiffs' claim that the policy was just a draft or temporary policy that they rejected is contradicted by documentary evidence, including plaintiffs' admissions in the complaint and in a declaratory action concerning coverage before the Texas courts acknowledging the existence, validity and limits of the policy and receipt of payment thereunder. Nor does the correspondence referred to by plaintiffs indicate that the policy was rejected or just a draft (*see Indian Country v Pennsylvania Lumbermens Mut. Ins. Co.,*

284 AD2d 712, 714 [2001]). action No. 2, which was filed after the dismissal with prejudice of action No. 1, seeks to recover on theories of fraud and equitable estoppel based on allegations that defendants misled plaintiffs into buying inadequate coverage, and arises out of the same transaction and demands the same damages as action No. 1, was correctly dismissed on the ground of res judicata (*see Matter of Hunter*, 4 NY3d 260, 269 [2005]; *Dorsey v Medical Socy. of State of N.Y.*, 294 AD2d 129, 129-130 [2002]). We have considered plaintiffs' other arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Marlow, McGuire and Kavanagh, JJ. [*See* 11 Misc 3d 1076(A), 2006 NY Slip Op 50576(U) (2006).]