■ RALPH W. KERN et al., Respondents-Appellants, v EXCELSIOR 57TH CORP., LLC, Appellant-Respondent. [909 NYS2d 430]—

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered November 30, 2009, confirming an arbitration award, dated May 7, 2009, which determined the appraisal value of a certain parcel of land for the purpose of resetting rent, unanimously affirmed, with costs. Order, same court and Justice, entered January 8, 2010, which denied petitioners' motion to amend the judgment to include postaward interest, unanimously reversed, without costs, on the law, the motion granted and the matter remanded to Supreme Court for calculation of the interest.

Respondent argues that the arbitrators' determination that the property was to be valued as if unencumbered by the lease effectively rewrote the parties' agreement and should be vacated as exceeding the arbitrators' power pursuant to CPLR 7511 (b) (1) (iii). However, in the course of their prior successive arbitrations, the parties litigated the issue whether the lease constituted an encumbrance on the property, the arbitrators repeatedly ruled that the land should be valued as if unencumbered, and the prior awards were confirmed. Respondent had a full and fair opportunity to litigate the issue, notwithstanding its present reliance on the authority of *936 Second Ave. L.P. v Second Corporate Dev. Co., Inc.* (10 NY3d 628 [2008]), which it concedes does not represent a recent change in the law. Contrary to respondent's contention, the doctrines of collateral estoppel and res judicata between the same parties apply as well to arbitration awards as to judicial adjudications (*Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.]*, 43 NY2d 184, 189 [1977]; *Fajemirokun v Dresdner Kleinwort Wasserstein Ltd.*, 27 AD3d 320, 322 [2006], *lv denied* 7 NY3d 705 [2006]).

As a direct result of the arbitration award, respondent remitted to petitioners a lump-sum payment in the amount of $10,526,262.30. Since respondent had the benefit of not paying the rent that it owed to its landlord, petitioners are entitled to interest on the money that was withheld from them (*see Mohassel v Fenwick*, 5 NY3d 44, 51-52 [2005]; *see* CPLR 5002). Concur—Mazzarelli, J.P., Sweeny, Acosta, Abdus-Salaam and Román, JJ.