ALBERT RUSSO, Doing Business as 401 BROADWAY BUILDING, Respondent, v KENNETH HELLER, Appellant. [915 NYS2d 268]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered December 8, 2009, which, insofar as appealed from, granted plaintiff's cross motion for leave to amend the complaint and denied defendant's motion to dismiss the first, third through sixth and eighth causes of action of the amended complaint, unanimously modified, on the law, the motion granted to the extent of dismissing the third through sixth causes of action, and otherwise affirmed, without costs.

Defendant executed a "Good Guy" guaranty personally guaranteeing payment of rent and performance of a lease entered into between plaintiff, as landlord, and Nathelm Corp., as tenant. As a rule, the terms of a guaranty determine its duration and guaranties generally "apply to debts arising during the

guaranty period, but not due and payable until after termination" (*Bandag, Inc. v National Acceptance Co. of Am.*, 855 F2d 491, 494 n 2 [1988]). In particular, 'Good Guy' guaranties are commonly understood to apply to obligations which accrue prior to the surrender of the lease premises, and this obligation, once accrued, persists even after surrender of the premises (*see Preamble Props. v Woodard Antiques Corp.*, 293 AD2d 330, 331 [2002]; *L & B 57th St., Inc. v E.M. Blanchard, Inc.*, 143 F3d 88, 91-93 [1998]).

We reject defendant's contention that the Good Guy guaranty terminated upon delivery of possession to plaintiff, and correspondingly caused defendant's obligations under the guaranty to cease on that date. Plaintiff seeks only to recover sums that accrued prior to the surrender of the premises and accordingly, we find that the motion court properly denied defendant's motion to dismiss the amended complaint's first cause of action under the guaranty. Furthermore, the eighth cause of action, for attorney's fees, which is based on the fee provision contained in the guaranty, should also go forward.

The fifth cause of action, wherein plaintiff claims that defendant "created, caused and misused [Nathelm] to defraud plaintiff and, on [information and belief], other creditors," and that defendant "is known to Landlord to be the principal in and owner of and an officer of" Nathelm, is dismissed since these "barebones allegations" do not provide the particularity required to support a veil-piercing claim (*Retropolis, Inc. v 14th St. Dev. LLC*, 17 AD3d 209, 211 [2005]).

The third, fourth, and sixth causes of action, which seek to recover for monies due under the lease under theories of unjust enrichment, quantum meruit, and account stated, are also dismissed, as, without veil-piercing, plaintiff has not identified any basis for bypassing Nathelm and asserting these claims directly against defendant. Moreover, as noted, plaintiff has stated a claim against defendant under the guaranty, and "a party may not recover in quantum meruit or unjust enrichment where the parties have entered into a contract that governs the subject matter" (*Cox v NAP Constr. Co., Inc.*, 10 NY3d 592, 607 [2008]). Nor does the amended complaint plead the requisite elements of an account stated, which "exists where a party to a contract receives bills or invoices and does not protest within a reasonable time" (*Bartning v Bartning*, 16 AD3d 249, 250 [2005]). Here, the amended complaint contains no allegations which could be understood as establishing an account stated. Concur—Gonzalez, P.J., Sweeny, Acosta, Freedman and Abdus-Salaam, JJ.