■ IG SECOND GENERATION PARTNERS, L.P., Respondent, v FRANCO LA MOTTA, Appellant. CAFÉ AMORE OF NY RESTAURANT, INC., et al., Appellants, v IG SECOND GENERATION PARTNERS, L.P., et al., Respondents. [21 NYS3d 2]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered December 20, 2013, in action No. 1, which granted IG Second Generation Partners, L.P.'s motion for summary judgment against Franco La Motta, the personal guarantor of the lease between IG and Café Amore of NY Restaurant, Inc., and

dismissing La Motta's affirmative defenses and counterclaims, unanimously modified, on the law, to vacate the principal sum awarded, and remand for a new determination of the sum owed by Café Amore under the lease up through April 6, 2012, the date of the eviction, and otherwise affirmed, without costs. Order, same court and Justice, entered December 23, 2013, in action No. 2, which granted IG and Dewar's Management Co., Inc.'s motion to dismiss the complaint, unanimously affirmed, without costs.

The judgment of Civil Court, entered December 12, 2011, awarding IG rent due cannot now be disputed, nor can the court's findings that IG is the owner and has capacity to sue, that Café Amore is the tenant, and that the lease agreement between them is valid (*Tewksbury Mgt. Group, LLC v Rogers Invs. NV LP*, 110 AD3d 546 [1st Dept 2013]). The guaranty signed by La Motta, however, limits La Motta's liability for Café Amore's obligations under the lease agreement to the time during which Café Amore is in possession of the premises, and does not apply after Café Amore's "surrender" of the possession, which occurred, by eviction, on April 6, 2012 (*see Preamble Props. v Woodard Antiques Corp.*, 293 AD2d 330 [1st Dept 2002]). Furthermore, IG failed to submit admissible evidence, such as properly authenticated business records, to substantiate the amounts it contends are due. For example, although its moving affidavit states that the "rent schedule" is maintained in the regular course of its business, there is a discrepancy between the entries on that schedule and the entries on the "Profile History List," which details Café Amore's running balance of unpaid rent and other expenses.

Café Amore and La Motta's action against IG on the lease is precluded by the doctrine of respondent judicata and the November 30, 2009 stipulation between Café Amore and IG. Café Amore could have raised its claims in action No. 2 against IG in the Civil Court proceeding (RPAPL 743). The doctrine of respondent judicata also bars Café Amore from proceeding on other claims arising out of the same transaction upon which the Civil Court judgment was based (*Matter of Hunter*, 4 NY3d 260, 269 [2005]; *North Am. Van Lines, Inc. v American Intl. Cos.*, 38 AD3d 450, 451 [1st Dept 2007]). La Motta is also prohibited from proceeding with action No. 2 because he was in privity with Café Amore (*All Terrain Props. v Hoy*, 265 AD2d 87, 93-94 [1st Dept 2000]; *Shire Realty Corp. v Schorr*, 55 AD2d 356 [2d Dept 1977]).

We have considered Café Amore and La Motta's remaining arguments and find them unavailing. Concur—Sweeny, J.P.,

Acosta, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 2013 NY Slip Op 33317(U).]**