OPINION OF THE COURT
Richard F. Braun, J.
This is a declaratory judgment action regarding no-fault insurance coverage. Defendant counterclaims for attorney’s fees and compensation for bills for the medical services that defendant allegedly provided to occupants of insured automobiles.
Defendant had previously moved for an order dismissing plaintiffs’ complaint for failure to state a cause of action, pursuant to CPLR 3211 (a) (7); or alternatively for an order dismissing plaintiffs’ complaint on the ground that plaintiffs lacked the capacity to file this action, pursuant to CPLR 3211 (a) (3). Defendant’s motion was denied, by this court’s October 17, 2012 decision and order, and separate opinion. Plaintiffs now move for summary judgment, pursuant to CPLR 3212, declaring that defendant is not entitled to no-fault benefits from plaintiffs with respect to the no-fault claims at issue in this action, and to dismiss defendant’s counterclaims; or alternatively, pursuant to CPLR 2201, to stay all American Arbitration Association (AAA) no-fault arbitration proceedings filed by defendant against plaintiffs to recover no-fault benefits for the no-fault claims at issue in the action, including a stay of enforcement and payment of previously issued AAA arbitration awards, pending determination of this declaratory judgment action.
*714 Plaintiffs allege that defendant, as an assignee of first-party no-fault benefits, submitted to plaintiffs claims for defendant’s supposed treatment of “approximately” 31 people who sought medical treatment following motor vehicle accidents. Plaintiffs point out that in support of defendant’s claims it submitted medical reports with identical findings in relation to eight of the 31 patients, who were injured in different motor vehicle accidents. Plaintiffs also contend that defendant was engaging in a systematic upcoding of claims by using the same CPT codes, which are for the highest level of care on an initial examination, in relation to the treatment of minor soft tissue injuries.
Due to the suspicious nature of defendant’s claims, plaintiffs conducted an investigation, which revealed that Alexandre Scheer, M.D., defendant’s owner, was the subject of professional discipline by the New York State Office of Professional Medical Conduct (OPMC) for allegedly engaging in the fraudulent practice of medicine. Dr. Scheer had agreed to a consent order that he did not contest the charge and consented to a 60-month probation period during which he was allowed to practice medicine only with supervision. The consent order stated as a term of Dr. Scheer’s probation: “Respondent shall practice medicine only when monitored by a licensed physician, board certified in an appropriate specialty, (‘practice monitor’) proposed by Respondent and subject to the written approval of the Director of OPMC. Any medical practice in violation of this term shall constitute the unauthorized practice of medicine.”
With this information, plaintiffs requested that defendant submit to an examination under oath (EUO) to verify defendant’s claims. Dr. Scheer appeared at the EUO on behalf of defendant. Defendant’s counsel directed him at the EUO not to answer questions as to OPMC’s investigation of him and as to whether he complied with the probation condition of being supervised by an appropriate doctor while treating the no-fault claimants whose claims are at issue in this action. Defendant’s attorney asserted that issues relating to OPMC’s investigation, documents, proceedings, and the consent order were not proper subjects of the EUO because the investigation was about prior unrelated conduct by Dr. Scheer and was confidential. Furthermore, Dr. Scheer did not answer questions concerning the medical treatment rendered to a particular patient due to the claim having been denied by plaintiffs based on negative physical examinations.
*715 Following the EUO, defendant’s claims were denied for the 31 patients on the grounds that defendant systematically up-coded its claims and that Dr. Scheer refused to answer pertinent questions at the EUO. Plaintiffs commenced this declaratory judgment action on August 26, 2011 for a declaration that defendant is not entitled to no-fault benefits for the approximately 31 claims.
On September 8, 2011, the National Insurance Crime Bureau (NICB) issued an alert advising that a priority one investigation was being conducted in relation to claims made by defendant. An indictment was filed on November 27, 2012 against Dr. Scheer and others for conspiracy to commit no-fault insurance fraud and mail fraud in a scheme to defraud insurers. Dr. Scheer entered into a deferred prosecution agreement with the United States Attorney for the Southern District of New York. Subsequently, a nolle prosequi was entered into by the U.S. Attorney and so ordered by the District Judge.
Commencing in 2012, defendant pursued some of its claims through arbitration before the AAA. Plaintiffs participated in the arbitrations before the AAA. In the arbitrations, the indictment was excluded or given no weight, as the indictment contained only allegations, and Dr. Scheer had not been convicted. Arbitration awards were issued in defendant’s favor. Plaintiffs brought “several” CPLR article 75 proceedings challenging the awards in the Civil Court of the City of New York, but the petitions were denied.*
A party moving for summary judgment must demonstrate that there are no disputed issues of fact and that he, she, or it is entitled to judgment as a matter of law, pursuant to CPLR 3212 (b) (Smalls v AJI Indus., Inc., 10 NY3d 733, 735 [2008]; Pokoik v Pokoik, 115 AD3d 428 [1st Dept 2014]; see Gammons v City of New York, 24 NY3d 562, 569 [2014]). To defeat summary judgment, the party opposing the motion has to show *716 that there is a material question(s) of fact that requires a trial (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Citi-Financial Co. [DE] v McKinney, 27 AD3d 224, 226 [1st Dept 2006]; see Hoover v New Holland N. Am,., Inc., 23 NY3d 41, 56 [2014]).
Plaintiffs contend that they are entitled to summary judgment on the grounds that defendant engaged in systemic up-coding and billed for unnecessary or nonexistent treatments, and that defendant refused to answer material questions at his EUO. Plaintiffs assert that the latter was a breach of the condition precedent in the insurance policies requiring cooperation at the EUO.
Dr. Scheer’s failure to answer all relevant questions at the EUO, as required by the provisions of the applicable insurance policies, constitutes a material breach of contract, and precludes recovery by defendant. A condition precedent to coverage is cooperation in submitting to an EUO (see Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559, 560 [1st Dept 2011]; Levy v Chubb Ins., 240 AD2d 336, 337 [1st Dept 1997]). The insurance policies and 11 NYCRR 65-3.5 (c) provide that plaintiffs, as insurers, may request that defendant, as a claimant, submit to an EUO, as a condition precedent to disbursement of benefits. Dr. Scheer stepped into the shoes of the insureds (cf. New York & Presbyt. Hosp. v Country-Wide Ins. Co., 17 NY3d 586, 592 [2011] [“as an assignee of all the rights, privileges and remedies to which (the patient) was entitled under the No-Fault Law, (the plaintiff) stood in the shoes of (the patient) and acquired no greater rights than he had”]). Dr. Scheer’s refusal to answer relevant questions in relation to the claims was not proper and led to an appropriate disclaimer of coverage by plaintiffs (see Latha Rest. Corp. v Tower Ins. Co., 38 AD3d 321, 322 [1st Dept 2007]).
Plaintiffs’ inquiry at the EUO regarding Dr. Scheer’s medical license was permissible. As a professional service corporation, defendant was required to be owned and controlled by a licensed professional, who rendered the services provided by defendant (see One Beacon Ins. Group, LLC v Midland Med. Care, P.C., 54 AD3d 738, 740 [2d Dept 2008]). Although Dr. Scheer was entitled to confidentiality regarding the OPMC administrative proceeding itself (Public Health Law § 230; Anonymous v Bureau of Professional Med. Conduct / State Bd. for Professional Med. Conduct, 2 NY3d 663, 669-670 [2004]; Doe v Office of Professional Med. Conduct of N.Y. State Dept. of *717 Health, 81 NY2d 1050, 1052 [1993]), the effect of the consent order on the manner in which Dr. Scheer was entitled to practice medicine was not confidential. With respect to questions about treatment, Dr. Scheer’s refusal to answer them resulted in obstructing plaintiffs from obtaining relevant information to evaluate the treatments rendered and the sums claimed.
In its first counterclaim, defendant seeks attorney’s fees. However, under the American rule as to attorney’s fees in litigation, even a prevailing party in an action generally may not recover his, her, or its attorney’s fees (see Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 21-22 [1979]). Although attorney’s fees can be recovered by an insured who defends against an insurer’s declaratory judgment action and prevails on the merits, defendant is not such a party here (see U.S. Underwriters Ins. Co. v City Club Hotel, LLC, 3 NY3d 592, 597-598 [2004]). With respect to defendant’s second counterclaim for recovery of bills, as defendant has not shown that it fully complied with plaintiffs’ material EUO inquiries, defendant is not entitled to payment of the claims.
Therefore, by separate decision and order, plaintiffs’ motion was granted to the extent of awarding plaintiffs summary judgment declaring that defendant is not entitled to no-fault benefits from plaintiffs with respect to the no-fault claims at issue in this action and dismissing defendant’s counterclaims. Thus, given that plaintiffs’ main request for relief has been granted, the request for alternative relief need not be decided.

 The arbitration awards and court decisions may give res judicata and collateral estoppel effect (see Rembrandt Indus. v Hodges Intl., 38 NY2d 502, 504 [1976]; Feinberg v Boros, 99 AD3d 219, 226 [1st Dept 2012]; Kern v Excelsior 57th Corp., LLC, 77 AD3d 500, 501 [1st Dept 2010]; Acevedo v Holton, 239 AD2d 194, 195 [1st Dept 1997]). However, such defenses must be raised as affirmative defenses or by a motion under CPLR 3211 (a) (5), or the defenses are waived (see CPLR 3211 [e]; Mayers v D'Agostino, 58 NY2d 696, 698 [1982]). Defendant failed to do so (or even articulate “res judicata” or “collateral estoppel” in the papers in opposition to the motion). Furthermore, there are no arbitration awards or civil court decisions submitted as to the eight specifically named of the 31 patients. Thus, those affirmative defenses were waived.