Garr Silpe, P.C. v Weir (2022 NY Slip Op 05271)

Garr Silpe, P.C. v Weir

2022 NY Slip Op 05271

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Friedman, Scarpulla, Mendez, JJ. 

Index No. 651030/19 Appeal No. 16272 Case No. 2022-00040 

[*1]Garr Silpe, P.C., Plaintiff-Respondent,
v
Pam Thur Weir, Also Known as Pam Thur, Defendant-Appellant.

Sharova Law, Brooklyn (Charles W. Marino of counsel), for appellant.
Warner & Scheuerman, New York (Karl E. Scheuerman of counsel), for respondent.

Appeal from order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about October 18, 2021, deemed appeal from judgment (CPLR 5501[c]), same court and Justice, entered November 9, 2021, awarding plaintiff $87,993.92, and as so considered, the judgment unanimously affirmed, without costs.
Contrary to defendant's contention, plaintiff's right to recover attorneys' fees was not barred by its failure to provide a statement of client's rights and responsibilities in the prescribed form at the initial consultation, a notice to arbitrate, or a copy of a filed retainer, as there had been substantial compliance with the rules (see Edelman v Poster, 72 AD3d 182,184 [1st Dept 2010]; 22 NYCRR part 1400).
The court properly granted plaintiff summary judgment on its claim for account stated. Plaintiff submitted evidence establishing that defendant did not object to the bills and invoices within a reasonable time, and had in fact made partial payments (see Russo v Heller, 80 AD3d 531, 532 [1st Dept 2011]). Defendant failed to proffer any proof raising a triable issue of fact.
Defendant's challenge to the reasonableness of the fees is unavailing. Where an account has been stated by a law firm, the firm is not required to establish the reasonableness of its fees since the client's act of holding the invoices without objection constitutes an acquiescence to the correctness of the invoices (see Shaw v Silver, 95 AD3d 416, 416-417 [1st Dept 2012]). In view of the foregoing, defendant's assertion that she is entitled to arbitration because the correct uninflated amount in dispute is under $50,000 is unpersuasive.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022