Premier 1122 Madison Realty, LLC v Halston N.Y., LLC (2023 NY Slip Op 06457)

Premier 1122 Madison Realty, LLC v Halston N.Y., LLC

2023 NY Slip Op 06457

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Manzanet-Daniels, J.P., Oing, Moulton, Shulman, Rosado, JJ. 

Index No. 150073/19 Appeal No. 1238 Case No. 2022-03184 

[*1]Premier 1122 Madison Realty, LLC, et al., Plaintiffs-Appellants-Respondents,
v
Halston New York, LLC, et al., Defendants-Respondents-Appellants, Halston Operating Company, LLC, Defendant.

Belkin Burden Goldman, LLP, New York (Magda L. Cruz of counsel), for appellants-respondents.
Black Srebnick, P.A., New York (Lance W. Shinder of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Lyle E. Frank, J.) entered on or about June 13, 2022, which, to the extent appealed from as limited by the briefs, denied the motion of plaintiffs Premier 1122 Madison Realty, LLC, Premier 1122 Madison Ave., LLC, Doron 1122 Madison LLC, and Thor 1122 Madison Avenue LLC (collectively, the landlord) for summary judgment on their causes of action for rent owed through the early termination date (first cause of action), rent owed by defendant Ben Malka (the guarantor) through the early termination date (third cause of action), current damages owed by defendant Halston New York, LLC (the tenant) (seventh cause of action), current damages owed by the guarantor (ninth cause of action), and attorneys' fees owed by the guarantor (twelfth cause of action), and granted the landlord's motion seeking dismissal of defendants' affirmative defenses, unanimously modified, on the law, to grant the landlord's motion for summary judgment on its first, third, seventh, ninth, and twelfth causes of action as to liability only, to reinstate the tenant's sixth and twelfth affirmative defenses, and otherwise affirmed, without costs.
The landlord established its entitlement to summary judgment as to liability on their first, third, seventh, ninth, and twelfth causes of action — all of which seek rent, additional rent, or attorneys' fees — as defendants do not dispute that certain amounts remained due and owing after their surrender of the premises. Whether or not the lease's early termination option was exercised, the tenant was obligated to pay rent and additional rent at least through the early termination date of January 2, 2016 but did not do so, thus rendering it liable for rent through that period. Regardless of whether the guarantor properly exercised the good-guy provision of the guaranty, his obligations under the guaranty did not terminate upon the surrender of the premises where amounts due and owing remained unpaid (see e.g. Russo v Heller, 80 AD3d 531, 532 [1st Dept 2011]). As Supreme Court properly determined, however, discovery is warranted on the issue of damages, including the effect of the January 26, 2015 surrender letter on the calculation and duration of liability for both the tenant and the guarantor (see e.g. Bay Plaza Community Ctr., LLC v Cablevision Sys. N.Y. City Corp., 217 AD3d 438, 439 [1st Dept 2023]).
For the same reasons, although we agree with Supreme Court that the guarantor's defenses were waived under the guaranty, we liberally construe the pleadings to reinstate the tenant's sixth affirmative defense, which asserts that the tenant limited its exposure by exercising the early termination option under the lease, and the tenant's twelfth affirmative defense, which asserts failures of conditions precedent required by the lease, including the landlord's failure to properly serve notices regarding termination, late charges, and interest (see Gonzalez v Wingate at Beacon, 137 AD3d 747, 747 [2d Dept 2016[*2]]). Despite the landlord's position otherwise, the tenant's defenses were not waived, as the legal arguments in support of its sixth and twelfth affirmative defenses were raised expressly by defendants in opposition to plaintiffs' motion.
We have considered the parties' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023