Grove Equities LLC v Diaz (2025 NY Slip Op 03279)

Grove Equities LLC v Diaz

2025 NY Slip Op 03279

Decided on June 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 03, 2025

Before: Webber, J.P., Gesmer, Rodriguez, Higgitt, O'Neill Levy, JJ. 

Index No. 152316/23|Appeal No. 4522|Case No. 2024-01587|

[*1]Grove Equities LLC, Plaintiff-Respondent,
v
Raymond Diaz et al., Defendants-Appellants.

Meister Seelig & Fein, PLLC, New York (Eugene Meyers of counsel), for appellants.
Pitter Law, PLLC, New York (Eric N. Pitter of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered February 1, 2024, which, to the extent appealed from, granted plaintiff's motion for summary judgment as to damages, and directed entry of judgment in favor of plaintiff in the amount of $1,608,089.02, plus statutory interest from November 2, 2023, along with costs and disbursements, unanimously affirmed, without costs.
Supreme Court correctly determined that defendants-guarantors Raymond Diaz and Amy Diaz are bound by the terms of the settlement agreement they executed, settling a holdover proceeding commenced in Civil Court between plaintiff-landlord Grove Equities LLC and nonparty tenant Two Future Dreams, Inc. (see Matter of Hoffman, 287 AD2d 119, 121 [1st Dept 2001]). The agreement settled rent arrears that defendants had guaranteed on behalf of the tenant. In executing the settlement, defendants expressly acknowledged that the tenant's rent arrears totaled $1,475,043.11, and agreed that, if the tenant defaulted on its obligations under the settlement, plaintiff could seek a judgment against defendants in the Supreme Court action for this amount. Defendants are precluded from now disputing that the current arrears specified in the agreement reflect actual rent and additional rent owed by the tenant (see IG Second Generation Partners, L.P. v La Motta, 133 AD3d 415, 416 [1st Dept 2015]).
In addition, defendants' claim that this amount is violative of criminal usury laws and New York Executive Orders is precluded by the doctrine of res judicata (see id). Defendants had a full and fair opportunity to raise these issues in the Civil Court action on the tenant's motion to vacate the settlement agreement and in opposition to plaintiff's initial motion for summary judgment in the Supreme Court action, but defendants failed to do so (see id.; see also See Why Gerard, LLC v Gramro Entertainment Corp., 94 AD3d 1205, 1207 [3d Dept 2012]). Defendants' argument that the remedies clause of the settlement agreement is an impermissible liquidated damages provision also fails because the current arrears represents a sum certain rather than an estimate or prediction (see Truck Rent-A Ctr. v Puritan Farms 2nd, 41 NY2d 420, 424 [1977]).
In any event, defendants have failed to show that the current arrears are grossly disproportionate to the amount plaintiff initially sought before executing the settlement (see id.; Seymour v Hovnanian, 211 AD3d 549, 553 [1st Dept 2022]; cf. Trustees of Columbia Univ. in the City of N.Y. v D'Agostino Supermarkets, Inc., 36 NY3d 69, 74-75 [2020]). Defendants' contention that they are not liable for charges that accrued during the holdover period is incorrect, as Supreme Court already found them liable for these charges in its initial order, from which no appeal was taken (see e.g. Datalot, Inc. v Winum Enters., LLC, 146 AD3d 653, 653 [1st Dept 2017]). Finally, neither the broad waiver of defenses in the settlement agreement nor the settlement as a whole implicates[*2]"another weighty and countervailing public policy" (159 MP Corp. v Redbridge Bedford, LLC, 33 NY3d 353, 360 [2019]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2025