■ JOSSY ACEVEDO, Respondent, v RICHARD HOLTON, Appellant. [657 NYS2d 407] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about June 6, 1996, which, in an action for personal injuries sustained in a motor vehicle accident, insofar as appealed from as limited by defendant's brief, denied defendant's motion for leave to amend his answer to add a defense of collateral estoppel, unanimously reversed, on the law, without costs or disbursements, and the motion granted with respect to the issue of plaintiff's claims for lost earnings in the sum of $21,500 for the period January 27, 1992 to November 15, 1993 and unpaid chiropractic services in the sum of $1,540.71.*

The proposed collateral estoppel defense is predicated upon a no-fault arbitration denying the last of three contested claims

---

* Defendant's brief makes it clear that his motion sought to collaterally estop plaintiff only "from relitigating claims for the *same* lost wages and medical expenses considered by the arbitrator" (emphasis in original).

for lost wages and a claim for the cost of chiropractic services. Where there has been a final determination on the merits, an arbitration award, even one never confirmed, may serve as the basis for the defense of collateral estoppel in a subsequent action. (*Hilowitz v Hilowitz*, 85 AD2d 621.)

The showing of prejudice that will defeat a motion for leave to amend "must be traced right back to the omission from the original pleading of whatever it is that the amended pleading wants to add—some special right lost in the interim, some change of position or some significant trouble or expense that could have been avoided had the original pleading contained what the amended one now wants to add." (Siegel, NY Prac, § 237, at 353 [2d ed].) Plaintiff's assertion that he has been prejudiced by the expenditure of considerable time and money in preparing for trial ignores the fact that defendant seeks to assert collateral estoppel only as to two narrow issues. Since most of plaintiff's claims remain intact, it cannot be said, under either a quantitative or qualitative analysis, that these expenses were unnecessarily incurred.

Collateral estoppel may be invoked against a party to preclude litigation of an issue decided against that party in a prior adjudication if there is "an identity of issue which has necessarily been decided" in the prior proceeding and there was "a full and fair opportunity to contest the decision now said to be controlling." (*Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71.) As to the first consideration, the claims as to which preclusion is sought in the personal injury action are identical to the claims that were the subject of arbitration and decided therein. Defendant does not seek, and we do not accord, preclusive effect as to the arbitrator's findings on causation. As to the second consideration, there is no merit to plaintiff's claim that he could not reasonably have been expected to prosecute the arbitration with the same vigor as a court action. With respect to the lost wages claim, the identical amount of money is involved. Nor can it be said, with respect to the claim for chiropractic services, that plaintiff's interest in the arbitration proceeding was nominal since he had previously assigned his claim for these services to the providers. Plaintiff was relieved of his financial responsibility for these services only if the providers prevailed in the arbitration. Moreover, it should be noted, plaintiff, despite the assignment of his chiropractic claim, appeared in the arbitration and was represented by the same counsel who had represented him, successfully, in two prior arbitrations.

Thus, the criteria set forth in *Schwartz v Public Adm'r*

(*supra*), for the invocation of collateral estoppel to the extent indicated have been clearly met. Concur—Sullivan, J. P., Milonas, Rosenberger and Rubin, JJ.