■ DANIEL V. WUNDERLICH, Appellant, v HAMPTON DESIGN AND CONSTRUCTION GROUP, INC., Respondent, et al., Defendants. [773 NYS2d 54]—

---

Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about December 5, 2002, which, to the extent appealed, granted defendant Hampton Design and Construction Group, Inc.'s (Hampton Design) motion for partial summary judgment to dismiss the complaint as against it on the ground of collateral estoppel, unanimously reversed, on the law, the motion denied and the complaint reinstated.

In October 1997, plaintiff and Hampton Design entered into an agreement pursuant to which the latter was to renovate and enlarge plaintiff's vacation home, located in East Hampton. In July 1998, plaintiff terminated Hampton Design's services on the grounds of failure to complete the work, inordinate delays, overbilling and failure to appear on the jobsite for extended periods of time. Thereafter, plaintiff filed a grievance with the Town of East Hampton Licensing Review Board in which he made the same allegations. The Licensing Review Board, which is authorized to make determinations pertaining to home improvement contractors' work and to fine such contractors or suspend or revoke their licenses, made an on-site inspection, heard testimony from the parties and accepted written submissions.

The Licensing Review Board found no evidence of deliberate cost padding or inertia by the contractor and determined that the cost overruns and delays were occasioned by the extensive alterations and expansion of the original project by plaintiff. Thus, the Board concluded that there was no "willful failure of performance or deviation from the terms of the contract" with respect to those allegations. However, the Board did find that the contractor had failed to install a full concrete basement as provided for in the parties' revised plans and directed the contractor to return to the site and complete the work if plaintiff was amenable, which plaintiff was not. The Board expressly stated that it was not empowered to adjudicate the parties' claims for monetary damages and that such claims would have to be raised in a civil court.

After the Board issued its determination, plaintiff commenced the instant action against Hampton Design and other parties not pertinent to this appeal for negligence, breach of contract and unjust enrichment. Hampton Design moved for summary judgment to dismiss the complaint as against it on the ground, inter alia, of collateral estoppel, by reason of the Licensing Review Board's determination.

Plaintiff's assertion that Hampton Design waived the defense of collateral estoppel by not pleading it in the answer is improperly raised for the first time on appeal, and in any event

we would permit defendant to amend its answer to include the defense, since there was no showing that plaintiff would be prejudiced thereby (*see Acevedo v Holton*, 239 AD2d 194 [1997]).

Administrative determinations can be given preclusive effect under the doctrine of collateral estoppel, provided that the procedures used in the administrative tribunal are substantially similar to those used in a court of law, the issue raised in the subsequent court action was necessarily decided in the prior administrative proceeding, and the party against whom collateral estoppel is invoked had a full and fair opportunity to litigate the matter in the prior proceeding (*see Ryan v New York Tel. Co.*, 62 NY2d 494 [1984]).

The Licensing Review Board's determination was limited to a finding that the contractor had not acted with "willfulness," which is not an element of plaintiff's claims for negligence, breach of contract and unjust enrichment. In addition, the Town of East Hampton notes in its amicus curiae brief in support of the appeal that there is no specified burden of proof for the Board's determinations, and thus its proceedings cannot be deemed substantially similar to those used in a court of law. Accordingly, the determination of the Licensing Review Board shall not collaterally estop plaintiff's claims. Concur—Buckley, P.J., Andrias, Lerner and Friedman, JJ.