■ SEA TRADE MARITIME CORPORATION, Appellant, v MARSH USA, INC., Respondent. [993 NYS2d 30]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered October 21, 2013, which granted defendant's motion to dismiss the complaint with prejudice, unanimously affirmed, with costs.

While in a port in Sri Lanka in May 1997, plaintiff's ship suffered damage as a result of an alleged terrorist bombing. Plaintiff's insurer paid millions of dollars less than the amount of plaintiff's loss, because plaintiff failed to give the insurer notice that its ship was entering an additional premium area (APA).

In this action, plaintiff claims that the terms of the insurance policy that defendant broker had procured for plaintiff were not those which plaintiff had requested and which defendant had led plaintiff to believe had been obtained. This action—initially commenced against plaintiff's insurer, its former broker, and defendant—was stayed to permit plaintiff and the insurer to pursue contractually-mandated arbitration (*see Sea Trade Mar. Corp. v Hellenic Mut. War Risks Assn. [Bermuda]*, 7 AD3d 289,

290 [1st Dept 2004], *lv dismissed* 3 NY3d 766 [2004]). The arbitration panel ultimately found that plaintiff, through its agent, Trans-Ocean, was familiar with the insurer's rules, knew or should have known that it was required to declare voyages to APAs in advance or risk losing coverage, and had actual notice that Sri Lanka was an APA. The motion court recognized and enforced the award, and this Court affirmed the motion court's judgment (*see Sea Trade Mar. Corp. v Hellenic Mut. War Risks Assn. [Bermuda] Ltd.*, 79 AD3d 601 [1st Dept 2010], *lv dismissed and denied* 17 NY3d 783 [2011]).

The findings of the arbitration panel, supported by the written statement of Trans-Ocean's employee, were sufficient to rebut plaintiff's claims against defendant (*see Morgenthow & Latham v Bank of N.Y. Co.*, 305 AD2d 74, 78-80 [1st Dept 2003], *lv denied* 100 NY2d 512 [2003]; *see also Acevedo v Holton*, 239 AD2d 194, 195 [1st Dept 1997]). Indeed, plaintiff's claim that defendant negligently failed to procure the requested coverage fails because the evidence established that plaintiff was aware of the policy's rules, that it "renewed the policy annually on five successive occasions" despite such knowledge (7 AD3d at 290), and that the loss was actually due to Trans-Ocean's inadvertent error in failing to give notice. Further, the motion court properly dismissed plaintiff's negligent misrepresentation cause of action, as the 1996 and 1997 Confirmations of Insurance, provided by defendant to Trans-Ocean, accurately described the insurance policy by expressly stating that notice "shall" be given prior to entering an APA (*see MatlinPatterson ATA Holdings LLC v Federal Express Corp.*, 87 AD3d 836, 840 [1st Dept 2011], *lv denied* 21 NY3d 853 [2013]).

Plaintiff has offered no evidentiary showing that would support a third amendment to the complaint (*see Lerner v Prince*, 119 AD3d 122, 126 n 1 [1st Dept 2014]). Concur—Mazzarelli, J.P., Andrias, Moskowitz, Manzanet-Daniels and Clark, JJ.