■ EMMANUEL O. OKOCHA, Appellant, v CITY OF NEW YORK et al., Respondents. [998 NYS2d 21]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered July 31, 2013, which, insofar as appealed from, granted defendants' motion for summary judgment dismissing the complaint alleging discrimination and retaliation under the State and City Human Rights Laws, unanimously affirmed, without costs.

The court correctly dismissed plaintiff's discrimination claim based on defendants' alleged failure to promote plaintiff from an Attorney Level II position to one of two Attorney Level III positions posted in November 2006. Plaintiff's claim fails because the latter positions were never filled, as there was no longer a need for the positions (*see Brown v Coach Stores, Inc.*, 163 F3d 706, 709 [2d Cir 1998]; *Subramanian v Prudential Sec., Inc.*, 2003 WL 23340865, *7, 2003 US Dist LEXIS 23231, *22 [ED NY, Nov. 20, 2003, No. CV-01-6500 (SJF) (RLM)]). Nor did defendants discriminate against plaintiff by failing to promote him from Attorney Level II to Attorney Level IV in January 2008; the two attorneys promoted to the latter positions had previously been Level III attorneys and therefore were more qualified than plaintiff for promotion to Level IV (*see Baldwin v Cablevision Sys. Corp.*, 65 AD3d 961, 965-966 [1st Dept 2009], *lv denied* 14 NY3d 701 [2010]). We reject plaintiff's contention that defendant Human Resources Administration's (HRA) investigations into his maintenance of a private practice of law constituted adverse or differential treatment. An arbitrator sustained the misconduct charges against plaintiff and upheld the penalty of termination of employment imposed in grievance proceedings. The allegations of misconduct were thus fully substantiated and plaintiff's attempt to collaterally attack the arbitrator's findings of misconduct cannot now be countenanced.

The doctrine of collateral estoppel precludes plaintiff's claim that the HRA misconduct investigations were initiated in retali-

ation for his commencement of this action; plaintiff raised this contention in the arbitration, and the arbitrator expressly rejected it (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]; *Acevedo v Holton*, 239 AD2d 194, 195 [1st Dept 1997]). Although plaintiff's claim that the HRA failed to promote him in retaliation for his prior complaints of mistreatment is not barred by collateral estoppel, it fails on the merits. HRA's actions in failing to promote plaintiff were not materially adverse or disadvantageous to him since, as noted above, the November 2006 job postings were never filled and the January 2008 job postings were filled by objectively better-qualified candidates (*see generally Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 312-313 [2004]; *Fletcher v Dakota, Inc.*, 99 AD3d 43, 51-52 [1st Dept 2012]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 2013 NY Slip Op 31728(U).]**