■ JILL HUMPHRIES, Appellant, v CITY UNIVERSITY OF NEW YORK et al., Respondents. [44 NYS3d 401]—

Order, Supreme Court, New York County (Eileen Rakower, J.), entered November 12, 2014, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously affirmed, without costs.

The motion court correctly determined that the State Human Rights Law retaliation claim (Executive Law § 290 *et seq.*) is barred by the doctrine of collateral estoppel (*see Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]). An arbitration award previously found that plaintiff was terminated for just cause due to her insubordination, among other things, and not in retaliation for her complaints of discrimination. That award collaterally estops plaintiff from establishing a causal connection between the termination of her employment and her complaints of discrimination, as is required to state a cause of action for retaliation (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 312-313 [2004]; Executive Law § 296 [7]). Plaintiff had a full and fair opportunity to litigate the issue in the course of the four-day arbitration hearing (*see Buechel v Bain*, 97 NY2d at 304). Contrary to her contention, "prior arbitration awards may be given preclusive effect in a subsequent judicial action" (*Bernard v Proskauer Rose, LLP*, 87 AD3d 412, 415 [1st Dept 2011]; *see also Okocha v City of New York*, 122 AD3d 550, 550-551 [1st Dept 2014], *lv denied* 25 NY3d 910 [2015]).

Since none of the remaining alleged adverse employment actions amount to a materially adverse change in the terms and conditions of her employment (*see Messinger v Girl Scouts of U.S.A.*, 16 AD3d 314, 314-315 [1st Dept 2005]), plaintiff failed to state a cause of action for retaliation. Concur—Saxe, J.P., Moskowitz, Gische, Kahn and Gesmer, JJ.