122 E. 42nd St., LLC v Scharf (2022 NY Slip Op 07141)

122 E. 42nd St., LLC v Scharf

2022 NY Slip Op 07141

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Webber, J.P., González, Mendez, Pitt-Burke, JJ. 

Index No. 652458/21 Appeal No. 16888-16888A Case No. 2021-04777 

[*1]122 East 42nd Street, LLC, Plaintiff-Respondent,
v
Joseph Scharf et al., Defendants-Appellants.

Pillsbury Winthrop Shaw Pittman, New York (James M. Catterson of counsel), for appellants.
Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York (Caitlin L. Bronner of counsel), for respondent.

Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered December 22, 2021, in favor of plaintiff and against defendants in the amount of $1,273,299.36, and bringing up for review an order, same court and Justice, entered on or about November 23, 2021, which granted plaintiff's motion under CPLR 3213 for summary judgment in lieu of complaint on the parties' guaranty, unanimously affirmed, without costs.
The motion court properly granted summary judgment in lieu of complaint under CPLR 3213 to plaintiff to enforce its guaranty against defendants as guarantors of the lease with the nonparty tenant, as plaintiff established "the existence of the guaranty, the underlying debt and the guarantor's failure to perform under the guaranty" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. "Rabobank Intl." N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]).
Contrary to defendants' contention, the motion court properly determined that reading the "whereas" clause in the guaranty to incorporate the terms of the lease did not create an additional right but merely reflected the fact that the guaranty and the lease contained interrelated obligations (see e.g. Perlbinder v Board of Mgrs. of 411 E. 53rd St. Condominium, 65 AD3d 985, 987 [1st Dept 2009] ["agreements executed at substantially the same time and related to the same subject matter are regarded as contemporaneous writings and must be read together as one"]). We also agree with the motion court that irrespective of the guaranty's so-called "good guy" provisions, which would extinguish defendants' obligations as guarantors upon the tenant's surrender of the premises, the tenant was obligated under the lease to obtain plaintiff's written consent in order for the surrender to be valid, which plaintiff established as a matter of law did not occur here (Empire LLC v Sharapov, 192 AD3d 417, 418 [1st Dept 2021]).
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022