1995 Cam LLC v West Side Advisors, LLC (2023 NY Slip Op 05652)

1995 Cam LLC v West Side Advisors, LLC

2023 NY Slip Op 05652

Decided on November 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 09, 2023

Before: Webber, J.P., Friedman, González, Kennedy, O'Neill Levy, JJ. 

Index No. 159492/21 Appeal No. 971-972-973 Case No. 2022-04330, 2023-02502, 2023-03619 

[*1]1995 Cam LLC, Plaintiff-Respondent,
v
West Side Advisors, LLC et al., Defendants-Appellants.

Lambert & Shackman, PLLC, New York (Thomas C. Lambert of counsel), for appellants.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Nicole Meyer of counsel), for respondent.

Judgment, Supreme Court, New York County (Mary V. Rosado, J.) entered July 18, 2023, granting a money judgment in favor of plaintiff against defendants and bringing up for review (1) an amended order, same court and Justice, entered September 2, 2022, which to the extent appealed from as limited by the briefs, granted in part plaintiff's motion for judgment as a matter of law under CPLR 3211(c) on its claims for unpaid rent under the lease and guaranty, and (2) an order, same court and Justice, entered May 10, 2023, which, upon reargument, granted plaintiff's motion for summary judgment on its claims for the balance of rents and attorneys' fees, unanimously affirmed, without costs. Appeals from aforesaid orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The motion court providently exercised its discretion to treat the motion and cross-motion as seeking summary judgment under CPLR 3211(c), and upon so doing, properly granted plaintiff's cross-motion on its first claim for pre-vacatur rents, even though defendants had not yet filed an answer. Although defendants maintain that CPLR 3211(c) was not available because they did not move to dismiss the first cause of action to trigger subsection (c) in the first place, there is no dispute that plaintiff's notice of cross-motion expressly sought CPLR 3211(c) treatment, and defendants failed to raise any defenses to this claim that they might have asserted in their answer had they been given the opportunity (see Four Seasons Hotels v Vinnik, 127 AD2d 310, 320 [1st Dept 1987]).
With respect to the award of post-vacatur rents through the end of the lease term, the motion court properly determined that although paragraph 18 was not a rent acceleration clause because it required plaintiff to seek unpaid rents as they become due month to month, by the time plaintiff's motion for reargument was decided, the lease term had ended, permitting plaintiff to collect the balance of rents due through the end of the term.
The motion court properly rejected defendants' reliance on the guaranty's "good guy" terms and correctly determined that defendant-tenant's failure to obtain plaintiff's written acceptance of the surrender of the premises precluded defendant-guarantor's avoidance of liability. Although the guaranty refers only to "surrender" but not "acceptance," the provision expressly requires tenant's surrender to be performed "pursuant to the terms of the Lease," which unambiguously mandates written acceptance from plaintiff, which defendants acknowledge was never obtained (see generally Center for Specialty Care, Inc. v CSC Acquisition I, LLC, 185 AD3d 34, 41 [1st Dept 2020]). On this basis, plaintiff was the prevailing party and entitled to the award of
attorneys' fees under the lease (see e.g. Excelsior 57th Corp. v Winters, 227 AD2d 146, 147 [1st Dept 1996]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2023