1140 LLC v Meis Studio Inc. (2024 NY Slip Op 01606)

1140 LLC v Meis Studio Inc.

2024 NY Slip Op 01606

Decided on March 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2024

Before: Oing, J.P., Kapnick, Shulman, Rodriguez, O'Neill Levy, JJ. 

Index No. 652982/21 Appeal No. 1897 Case No. 2023-05245 

[*1]1140 LLC, Plaintiff-Appellant,
v
Meis Studio Inc., et al., Defendants-Respondents.

Seyfarth Shaw LLP, New York (Jeremy A. Cohen of counsel), for appellant.
Lloyd D. Feld, Armonk, for respondents.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered October 18, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff landlord 1140 LLC's motion for summary judgment, unanimously modified, on the law, to grant summary judgment as to liability for pre-surrender date rent against all defendants, award damages of $197,223.18 as against defendants Meis Studios, Inc. (tenant) and Daniel Meis Architecture PLLC (assignee), jointly and severally, for pre-surrender date rent, grant summary judgment as to liability for post-surrender rent against tenant and assignee, grant summary judgment as to liability against tenant and Daniel Meis (guarantor) for attorneys' fees, deferring a hearing for attorneys' fees until disposition of the matter, and otherwise affirmed, without costs.
Uncontested facts in a movant's papers are generally deemed admitted for purposes of a motion for summary judgment (see Kuehne & Nagel v Baiden, 36 NY2d 539, 544 [1975]; Bank of Am., N.A. v Brannon, 156 AD3d 1, 6-7 [1st Dept 2017]). Defendants tenant and assignee admit to landlord's allegations in paragraph 25 of its statement of material facts, included as part of landlord's motion, that tenant and assignee owe landlord $197,223.18 through the surrender date.
As to guarantor's liability, a landlord seeking summary judgment against a guarantor satisfies its initial evidentiary burden by proving the existence of an absolute and unconditional guaranty, a debt owed by tenant to landlord, and guarantor's failure to pay under the agreement (see L. Raphael NYC C1 Corp. v Solow Bldg. Co. L.L.C., 206 AD3d 590, 592-593 [1st Dept 2022]). The existence of the absolute and unconditional guaranty is not disputed and, as discussed above, defendants as a whole acknowledge that at least some arrears are owed pre-surrender. Guarantor contested that he is responsible for the actual sum in paragraph 25 of the statement of facts. He asserts in his affidavit that landlord charged him for interest that cannot properly be assessed against him, as well as overcharges for tax escalations and unbilled retroactive electricity charges. Thus, while summary judgment is proper against guarantor for rental arrears through the surrender date, it is proper as to liability only, not for an amount certain.
When a tenant abandons a lease, the court may enter judgment in the amount of rent for the remainder of the lease term, less any rent received from new tenants (see New 24 W. 40th St. LLC v XE Capital Mgt., LLC, 104 AD3d 513, 513-514 [1st Dept 2013]; see also Holy Props. v Cole Prods., 87 NY2d 130, 133-134 [1995]). Tenant and assignee denied liability for post-surrender rent. They maintained that landlord accepted their surrender, assisted in arranging for their move, did not send any invoices for rent, and neither alleged nor offered any proof that it did not accept the surrender. Indeed, guarantor, speaking also as the principal for tenant and assignee, attested [*2]that landlord did not issue any invoices after May 27, 2021, and guarantor attached email exchanges between the agents for landlord and the agent for defendants arranging for the move. However, article 25 of the lease, titled, "No Waiver," provides that no acts of landlord or its agents shall be deemed acceptance of a surrender, and no agreement to accept surrender shall be valid unless in writing signed by landlord. It is undisputed that landlord never accepted surrender in a signed writing. Therefore, tenant and assignee have not raised a triable issue of fact with respect to liability for post-surrender rent (see 1995 Cam LLC v West Side Advisors, LLC, 221 AD3d 420, 421 [1st Dept 2023]; Hudson Towers Hous. Co., Inc. v VIP Yacht Cruises, Inc., 63 AD3d 413, 413 [1st Dept 2009]; 99 Realty Co. v Eikenberry, 242 AD2d 215, 216 [1st Dept 1997]).
Finally, as to liability for attorneys' fees, article 63 of the lease and article 7 of the guaranty each provide for the recovery of attorneys' fees if litigation enforcing the lease or guaranty, respectively, is successful. Landlord will prevail in this matter in some amount on the lease, as against tenant and the guarantor, at least as to pre-surrender date damages, and defendants have not asserted counterclaims against landlord. Thus, summary judgment against tenant and guarantor as to liability for attorneys' fees is appropriate (see generally Blue Water Realty, LLC v Salon Mgt. of Great Neck, Corp., 189 AD3d 496, 498 [1st Dept 2020]). However, an assessment of attorneys' fees should be deferred until the disposition of the matter.
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2024