ROC-Lafayette Assoc., LLC v Sturm (2024 NY Slip Op 06016)

ROC-Lafayette Assoc., LLC v Sturm

2024 NY Slip Op 06016

Decided on December 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 03, 2024

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Index No. 152487/23 Appeal No. 2703 Case No. 2024-00345 

[*1]ROC-Lafayette Associates, LLC, Plaintiff-Respondent,
v
Jamie Sturm, et al., Defendants-Appellants.

Berg & David PLLC, Inwood (Abraham David of counsel), for appellants.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered on or about November 2, 2023, which denied defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
This action stems from a commercial lease agreement between plaintiff (owner and landlord) and nonparty tenant for a commercial unit (premises) located at 270 Lafayette Street in Manhattan. The tenant and owner executed a series of lease extension and modification agreements, which extended tenant's lease of the premises to April 30, 2022. In connection with the fourth lease modification agreement, defendants executed identical good-guy guarantees that guaranteed payments through tenant's surrender of the premises.
Tenant surrendered the premises on September 16, 2020, and in October 2020, plaintiff commenced an action against tenant seeking unpaid rent and additional rent. Plaintiff obtained a money judgment against tenant and commenced this action to collect the money judgment against defendants pursuant to the guarantees.
Plaintiff contends that defendants are responsible for unpaid rent accruing after the date tenant surrendered the premises because the tenant failed to get written approval from plaintiff as required by paragraph 25 of the lease. Defendants counter that tenant's surrender of the property in substantial compliance with the terms of the guarantees extinguishes defendants' obligation to pay any additional rent due after the surrender date.
The terms of a guaranty "are to be strictly construed in favor of a private guarantor" and a "guarantor should not be bound beyond the express terms of his guarantee" (665-75 Eleventh Ave. Realty Corp. v Schlanger, 265 AD2d 270, 271 [1st Dept 1999] [internal quotation marks omitted]). Here, the "whereas" clause in the guarantees expressly limit defendants' liability to the obligations of the "Tenant under the Lease on the terms and conditions contained herein."
As relevant to tenant's surrender of the premises, the guarantees limit defendants' liability to the "payment on demand of any and all amounts due under the Lease and payable by Tenant through the Surrender Date." The term "Surrender Date," as defined in the guarantees, is the date upon which:
"(i) Tenant . . . shall have voluntarily surrendered possession of the Demised Premises to Owner (and delivered all keys to the Demised Premises to Owner), broom clean, and otherwise in the condition required by the terms of the Lease, and (ii) Tenant shall have delivered to Owner a writing, duly executed by Tenant, in which Tenant confirms that the Demised Premises have been surrendered and delivered to Owner (together with such keys), vacant of all Tenant Parties, broom clean, and otherwise in the condition required by the terms of the Lease (clauses (i) and (ii) collectively, the "Surrender Conditions"), it being agreed that Tenant shall give Owner [*2]not less than ninety (90) days prior written notice of the anticipated Surrender Date . . . ."
Reading these provisions together, the guarantees expressly limit defendants' liability to the terms contained therein, which, as relevant here, only require that tenant surrender the premises in compliance with the surrender provisions set forth in the guarantees. While the guarantees mandated tenant surrender the premises in the condition required by the terms of the lease, they do not incorporate the terms of the underlying lease by reference (see 122 E. 42nd St., LLC v Scharf, 211 AD3d 517, 518 [1st Dept 2022], lv granted 40 NY3d 903 [2023]) or expressly require that tenant's surrender of the premises be performed pursuant to the terms of the lease (see 1995 Cam LLC v West Side Advisors, LLC, 221 AD3d 420, 421 [1st Dept 2023], lv dismissed 41 NY3d 961 [2024]; Empire LLC v Sharapov, 192 AD3d 417, 418 [1st Dept 2021]).
Therefore, while tenant was required to obtain written consent of the surrender from plaintiff under the lease, the motion court improperly determined that tenant's failure to do so precluded the guarantors' avoidance of liability for unpaid rent after tenant's surrender on September 16, 2020.
Because it is undisputed that tenant provided written notice more than 90 days prior to surrender, voluntarily vacated the premises on September 16, 2020, paid all rent due through September 16, 2020, and turned over the keys and premises to management in broom clean condition, the documents submitted by defendants conclusively establish that defendants were absolved from liability for obligations due under the guarantees on September 16, 2020 (see Leon v Martinez, 84 NY2d 83, 88 [1994]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2024