**Parque Solar Don Jose S.A. De C.V. v Enel S.P.A.**

2024 NY Slip Op 34305(U)

December 3, 2024

Supreme Court, New York County

Docket Number: Index No. 656415/2023

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. MELISSA A. CRANE**

*Justice*

----------------------------------------------------------------X

PARQUE SOLAR DON JOSE S.A. DE C.V., ON ITS OWN BEHALF, IRREVOCABLE MANAGEMENT AND GUARANTY TRUST F/3480, BY BANCO INVEX S.A. INSTITUCION DE BANCA MULTIPLE, VILLANUEVA SOLAR, S.A. DE C.V., ON ITS OWN BEHALF, IRREVOCABLE MANAGEMENT AND GUARANTY TRUST F/3481, BY BANCO INVEX, S.A. INSTITUCION DE BANCA MULTIPLE, PARQUE SOLAR VILLANUEVA TRES, S.A. DE C.V., ON ITS OWN BEHALF, AND IRREVOCABLE MANAGEMENT AND GUARANTY TRUST F/3482, BY BANCO INVEX, S.A. INSTITUCION DE BANCA MULTIPLE,

Plaintiff,

- v -

ENEL S.P.A.,

Defendant.

----------------------------------------------------------------X

| | |
|---|---|
| PART | 60M |
| INDEX NO. | 656415/2023 |
| MOTION DATE | 04/22/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104

were read on this motion to/for                       DISMISS                       .

This action concerns an effort to enforce a guaranty plaintiff and defendant entered into in connection with the construction of renewable energy plants in Mexico. Plaintiffs commenced this action for breach of contract and breach of the covenant of good faith. Defendant moves to dismiss plaintiff's amended complaint pursuant to CPLR 3211(a)(1), (3) and (7). For the following reasons, the court dismisses the breach of contract cause of action with prejudice, but dismisses the breach of the covenant of good faith and fair dealing without prejudice.

656415/2023  PARQUE SOLAR DON JOSE S.A. DE C.V. ET AL vs. ENEL S.P.A.
Motion No. 002

Page 1 of 12

## Background

### i.    Project Plan

Plaintiffs, Parque Solar Don Jose S.A. De C.V. ("Don Jose"), Villanueva Solar, S.A. De C.V ("Villanueva Solar"), Parque Solar Villanueva Tres, s.a. de c.v. ("Villanueva Tres"), are three foreign entities that own solar power generation facilities in Mexico (collectively "Plaintiff Facilities"). Plaintiffs Irrevocable Management and Guaranty Trust f/3480, by Banco Invex S.A. Institucion De Banca Multiple, Irrevocable Management and Guaranty Trust f/3481, by Banco Invex, S.A. Institucion De Banca Multiple Irrevocable Management and Guaranty Trust f/3482, by Banco Invex, S.A. Institucion De Banca multiple (collectively "Plaintiff Trustees") are trusts pursuant to the agreements for each of the Plaintiff Facilities. Plaintiff Facilities allege that trustees of each trust gave the Plaintiff Facilities power of attorney to prosecute this case against the defendants. Defendant Enel S.P.A ("Defendant" or "Enel") is a multinational energy company based in Italy.

Plaintiffs allege that in 2013, Enel started a new business venture in which Enel would own and construct renewable energy facilities through owner subsidiaries and separate construction subsidiaries (Amended Complaint [NYSCEF Doc. 46] ¶ 2). Enel would allegedly "then spin off majority stakes in the owner subsidiaries, and the Enel Group would continue to construct and operate its former subsidiaries' facilities through the construction subsidiaries" (*id.*). Plaintiffs Don Jose, Villanueva Solar, and Villanueva Tres are the owner subsidiaries that Enel created through that venture (*id.*).

Plaintiffs allege that in July 2018, the Plaintiff Facilities each entered into substantially identical contracts with their fellow Enel subsidiary, Kino Contractor, S.A (the "Contractor Subsidiary"). The Contractor Subsidiary agreed to engineer, procure materials for, and construct

656415/2023  PARQUE SOLAR DON JOSE S.A. DE C.V. ET AL vs. ENEL S.P.A.
Motion No. 002

Page 2 of 12

2 of 12

three solar energy facilities in Mexico (*id.*, ¶ 3). Plaintiffs allege that the construction contracts between the Plaintiff Facilities and the Contractor Subsidiary require Enel to guarantee any obligations the Contractor Subsidiary owed to the Plaintiff Facilities arising from a failure of the facility to perform in line with agreed-upon specifications. (*id.*, ¶ 28).

### ii. Enel Guaranties

On or around September 2018, each Plaintiff Facility entered into a Guaranty agreement with Enel (Parque Solar Don Jose Guarantee [NYSCEF Doc. 2] ¶ 2; Villanueva Solar Guarantee [NYSCEF Doc. 3] ¶ 2; Parque Solar Villanueva Tres Guarantee [NYSCEF Doc. 4] ¶ 2; collectively "the Parent Company Guaranties").

The three Parent Company Guaranties between each Plaintiff Facility and Enel are substantially identical (*id.*, ¶ 28). The obligations under the Guaranty are:

> 2.1 The Guarantor hereby unconditionally and irrevocably guarantees to the Beneficiary, upon written demand in accordance with and subject to Clause 4, (a) the due and punctual payment of any and all amounts payable and due by the Company to the Beneficiary under the EPC Contract in accordance with the terms and subject to the limitations set forth in the EPC Contract, including interest, charges, expenses or any other amount due, and (b) the performance of all obligations due by the Company to the Beneficiary under the EPC Contract in accordance with the terms and subject to the limitations set forth in the EPC Contract (the obligations set forth in clauses (a) and (b), collectively, the Obligations), up to the Maximum Guaranteed Amount (as defined below).

(Don Jose Guarantee [NYSCEF Doc. 2] ¶ 2; Villanueva Solar Guarantee [NYSCEF Doc. 3] ¶ 2; Villanueva Tres Guarantee [NYSCEF Doc. 4] ¶ 2).

It further states:

> This Guarantee is an absolute, unconditional, irrevocable and present and continuing guarantee of the full and punctual payment and performance of the Obligations, and not merely a guarantee of collection of the Obligations, and, except as expressly set forth in Clause 4 below, is in no way contingent or conditioned upon any requirement that the Beneficiary first attempt to enforce any of the Obligations against the Company or any other person or entity, or resort to any other means of obtaining performance of the Obligations or upon any other event or condition whatsoever.

**656415/2023  PARQUE SOLAR DON JOSE S.A. DE C.V. ET AL vs. ENEL S.P.A.**
**Motion No.  002**

**Page 3 of 12**

3 of 12

(Don Jose Guarantee ¶ 2; Villanueva Solar Guarantee ¶ 2; Villanueva Tres Guarantee ¶ 2).

As referenced, Clause 4 states:

4.1 Prior to making a demand on the Guarantor under this Guarantee and without prejudice to any other provisions under the EPC Contract, the Beneficiary shall first request, in writing, payment or performance from the Company and if such payment or performance is not made within 10 (ten) Business Days after receipt of such request by the Company (except if the failure to pay <u>or perform arises from a dispute that is pending resolution pursuant to Clause 20 of the EPC Contract),</u> the Beneficiary may then demand payment or performance from the Guarantor without further notice to the Company

The Beneficiary's demand shall be in writing and shall provide: (i) a specific statement by the Beneficiary that the Beneficiary is calling upon the Guarantor to pay or perform this Guarantee, (ii) the amount due for payment, (iii) a copy of the request made to the Company under Clause 4.1 above, (iv) a statement that the Company has failed to pay or perform in accordance with the terms of the request made under Clause 4.1 and (v) bank account and wire transfer information for purposes of payment hereunder.

(Don Jose Guarantee ¶ 4.1, 4.2; Villanueva Solar Guarantee ¶ 4.1, 4.2; Villanueva Tres Guarantee ¶ 4.1, 4.2).

Moreover, the Guaranties state that the beneficiary's ability to collect from the guarantor

is not contingent upon the beneficiary's attempt to first exhaust its remedy to collect from the

underlying borrower:

<u>The Guarantor hereby unconditionally waives, as a condition precedent to the performance of its obligations hereunder, (a) any requirement that the Beneficiary exhausts any right, power or remedy or proceed against the Company under the EPC Contract or any other agreement or instrument referred to therein, or against any other person under any other guarantee of any of the Obligations,</u> (b) any event, occurrence or other circumstance which might otherwise constitute a legal or equitable discharge of a surety, (c) notice of any of the matters referred to in Clause 6.2, ( d) notice of any increase, reduction or rearrangement of the Company's obligations under the EPC Contract or any extension of time for the payment of any sums due and payable to the Beneficiary under the EPC Contract or any other agreement or instrument executed in connection therewith, (e) any right, defense or other benefit the Guarantor may have with respect to this Guarantee (including, without limitation, any and all rights to raise as a defense to the enforcement of this Guarantee) arising out of the Bankruptcy Code of the United States as it is or may be amended, including by reason of the insolvency,

656415/2023 PARQUE SOLAR DON JOSE S.A. DE C.V. ET AL vs. ENEL S.P.A. Page 4 of 12
Motion No. 002

4 of 12

bankruptcy or similar event in respect of the Company, or (f) any other notice that may be required by statute, rule of law or otherwise to preserve any of the rights of the Beneficiary against the Guarantor to the extent such notice is waivable under applicable law. Without limiting the generality of the foregoing, it is agreed that the occurrence of any one or more of the following shall not affect the liability of the Guarantor hereunder:

(Don Jose Guarantee ¶ 4.4; Villanueva Solar Guarantee ¶ 4.4; Villanueva Tres Guarantee ¶ 4.4) (Emphasis added).

The Guaranty provides for termination:

6. Termination 6.1 This Guarantee shall be valid from the Effective Date to: i. the date on which payment is made to the Beneficiary by the Guarantor of the Maximum Guaranteed Amount in accordance with the terms hereof; or ii. **the expiry of the Defects Notification Period (as defined in the EPC Contract), whichever occurs earliest in time** (hereinafter, the Expiry Date), in case (ii) above, except in respect of claims made under this Guarantee not later than 15 (fifteen) Business Days after the Expiry Date for claims made to the Company under the EPC Contract prior to the Expiry Date.

(Don Jose Guarantee ¶ 6.1; Villanueva Solar Guarantee ¶ 6.1; Villanueva Tres Guarantee ¶ 6.1)

The Defects Notification Period is defined in the as in the EPC contract:

1.1.2.31 Defects Notification Period is the period of 21 (twenty-one) months, unless terminated earlier hereunder, from the Commercial Operation Date.

(Don Jose Kino Contractor Guarantee [NYSCEF Doc. 50] ¶ 1.1.2.31; Villanueva Solar Kino Contractor Guarantee [NYSCEF Doc. 51] ¶ 1.1.2.31; Villanueva Tres Contractor Guarantee [NYSCEF Doc. 52] ¶ 1.1.2.31).

On December 5, 2018, in connection with a financing arrangement between the Plaintiff Facilities and their lenders, the Plaintiff Facilities each assigned their respective rights under the Construction Contracts and Guaranties to the Plaintiff Trusts (Don Jose Trust Agreement [NYSCEF Doc. 71]; Villanueva Solar Trust Agreement [NYSCEF Doc. 72]; Villanueva Tres Trust Agreement [NYSCEF Doc. 73]).

Plaintiffs allege that the facilities failed to meet the "Guaranteed Performance Ratio" pursuant to the construction contracts (Amended Complaint ¶ 61). On June 8, 2020, each Plaintiff Facility wrote a letter to the Contractor Subsidiary demanding liquidated damages in the

656415/2023  PARQUE SOLAR DON JOSE S.A. DE C.V. ET AL vs. ENEL S.P.A.                    Page 5 of 12
Motion No.  002

5 of 12

[* 5]

sum of approximately $136 million dollars (*id.*, ¶ 62; Don Jose Claim Letter [NYSCEF Doc. 38]; Villanueva Solar and Villanueva Tres Claim Letter [NYSCEF Doc. 39]). The Contractor Subsidiary denied the Plaintiff Facilities' requests for payment, and the parties proceeded to negotiations on June 25, 2020 (Amended Complaint, ¶ ¶ 62, 63). Those negotiations were unsuccessful (*id.*, ¶ 63). On June 26, 2020, the Plaintiff Facilities allege they extended the "Defects Notification Period" for sixth months, pursuant to the contract (*id.*, ¶ 64). On August 18, 2020, plaintiffs filed a Request for Arbitration with the ICC (*id.*, ¶ 67). The arbitration proceedings culminated in a four day arbitration hearing in October 2022. On July 28, 2023, the ICC issued a ruling in favor of plaintiff, finding that the Facility Performance Ratio fell below the "Guaranteed Performance Ratio" and determined that the Contractor Subsidiary owed the Plaintiff Facilities mandated liquidated damages plus interest from August 19, 2020 (*id.*). The ICC panel found they had no jurisdiction over Enel (*id.* ¶ 68).

On August 10, 2023, Plaintiff Facilities allege they demanded payment from the Contractor Subsidiary. The Contractor Subsidiary allegedly never responded to Plaintiffs' demands (Amended Complaint ¶ 70). On September 19, 2023, Plaintiffs contend they sent a letter to Enel, demanding payment pursuant to Clause 4 of the Parent Company Guaranties (*id.* ¶ 72). On October 4, 2023, Enel refused to pay on the basis that the Plaintiff Facilities' demand was too late, under the Guaranty's termination clause (Enel October 4, 2023 Letter [NYSCEF Doc. 40). Plaintiffs subsequently filed this action for breach of contract and breach of the covenant of good faith and fair dealing.

**656415/2023   PARQUE SOLAR DON JOSE S.A. DE C.V. ET AL vs. ENEL S.P.A.**                **Page 6 of 12**
**Motion No.  002**

6 of 12

## Discussion

### i. Breach of Contract

Defendant argues that the Plaintiff Facilities failed to demand payment prior to expiration of the "Defects Notification Period." Accordingly, the termination clause bars Plaintiffs' claims.

"The terms of a guaranty are to be strictly construed in favor of a private guarantor and a guarantor should not be bound beyond the express terms of his guarantee" (*ROC-Lafayette Assoc., LLC v Sturm*, -- AD3d --, 2024 NY Slip Op 06016 [1st Dept Dec. 3, 2024]) [internal citations omitted].

It is undisputed that the "Defects Notification Period" ended on June 24, 2020 for Villanueva Solar and Villanueva Tres, and June 28, 2020 for Don Jose (Amended Complaint ¶ 46). However, Plaintiffs argue that the termination clause does not bar their claims under the Guaranty, because there was no amount "due and payable" under the EPC contract until the ICC arbitration was complete. This argument directly contravenes the parties' agreements.

Section 2 of the Guaranties states that the Guaranties are, "in no way contingent or conditioned upon any requirement that the Beneficiary first attempt to enforce any of the Obligations against the Company or any other person or entity, or resort to any other means of obtaining performance of the Obligations or upon any other event or condition whatsoever" (Guaranties ¶ 2). Therefore, Plaintiffs' excuse that they did not make a demand on the guarantor because they had to first fully arbitrate with the company, is plainly erroneous. Section 2 explicitly states that the beneficiary does not have to try to enforce the obligations against the Contractor Subsidiary before making a claim on the guarantor. In other words, the Plaintiff Facilities did not have to attempt to recoup from the Contractor Subsidiary before seeking recourse with Enel. Pursuant to Section 2, the Plaintiff Facilities could have sought to enforce the

**656415/2023   PARQUE SOLAR DON JOSE S.A. DE C.V. ET AL vs. ENEL S.P.A.**   **Page 7 of 12**
**Motion No.  002**

[* 7]

7 of 12

Guaranty regardless of their effort to enforce the underlying contractual obligations of the Contractor Subsidiary.

Despite Plaintiffs' contentions, Section 4.4 does not make a difference. Plaintiffs argue that under Section 4.4, they were not required to make a demand on the guarantor, because the failure to pay arose from a dispute pending resolution pursuant to Clause 20 of the contract. Section 4.4 states that prior to making a demand on the Guarantor under the Guaranty, the Beneficiary "shall first request, in writing, payment or performance from the Company and if such payment or performance is not made within 10 (ten) Business Days after receipt of such request by the Company (except if the failure to pay or perform arises from a dispute that is pending resolution pursuant to **Clause 20** of the EPC Contract), the Beneficiary may then demand payment or performance from the Guarantor without further notice to the Company." Clause 20.1 only applies to the Contractor Subsidiary's claims for extensions and additional payments. That is clearly not at issue here. Clause 20.2, 20.3, 20.4 and 20.5, provide for the circumstances where the Plaintiff Facilities and the Contractor Subsidiaries are directed to proceed with arbitration. At best, the construction subsidiary had more than ten days to respond before the plaintiff facilities sought recourse from the guarantor without providing notice to the construction subsidiary. Regardless, Clause 20 does not render Section 2, nor the termination clause, obsolete. The Plaintiff Facilities still could have demanded payment from the guarantor regardless of their underlying disputes with the Contractor Subsidiary under Section 2. It was not until almost three years later, well after the guarantee terminated, that Plaintiffs finally demanded payment under the guaranties.

Next, plaintiff argues that regardless of the termination clause, the Guaranty is nevertheless enforceable because the guaranteed obligations are stated to be "irrevocable and

656415/2023   PARQUE SOLAR DON JOSE S.A. DE C.V. ET AL vs. ENEL S.P.A.     Page 8 of 12
Motion No.  002

unconditional." This argument is equally, if not more, unavailing. It is commonplace for guaranties to include language that the guarantee is "irrevocable and unconditional." This does not mean that the guaranty could not have a termination date or provision. If, as plaintiff suggests, the "irrevocable and unconditional" language supersedes the termination clause, that clause would be rendered superfluous. There would be no end to the guaranty, which is contrary to the clear intent of the parties.

Moreover, the inclusion of language making the guaranty "irrevocable and unconditional," along with a termination clause are not irreconcilable. Reading the two clauses together, it is clear that the guarantor cannot revoke the guaranty or place conditions on it during the guaranty period. Because Plaintiffs here failed to make a demand before the guaranty terminated, they cannot recover under it.

### ii. Good Faith and Fair Dealing

Perhaps realizing the time bar problem that the termination provision in the guaranties presents, plaintiff asserts an alternative claim for breach of the covenant of good faith and fair dealing against Enel for "causing its subsidiaries to delay calculation and reporting of the performance ratio as the deadline of the Defects Notification Period and Expiry Date approached" (Plaintiff's Memorandum of Opposition [NYSCEF Doc. 19]). However, turning to the complaint, Plaintiffs' plead the support for this proposition in a most conclusory fashion.

Paragraph 93-95 of the amended complaint sums up the cause of action:

"93. Enel engaged in a scheme to deprive Plaintiffs of the bargained-for benefit of Enel's guarantee of Enel Contractor Sub's obligations to Plaintiffs. Enel's scheme included, but is not limited to, the following bad faith acts:
    a. causing Enel Contractor Sub and Enel Asset Manager Sub to delay the calculation of and disclosure of the Performance Ratio;

656415/2023 PARQUE SOLAR DON JOSE S.A. DE C.V. ET AL vs. ENEL S.P.A.     Page 9 of 12
Motion No. 002

9 of 12

b. causing Enel Contractor Sub, Enel Asset Manager Sub, and other of its subsidiaries to provide conflicting information about the results of Performance Ratio calculations; and
c. affirming to the ICC arbitral tribunal that it could only be held liable under the Guarantee Contracts in a New York court under New York law, despite later maintaining the meritless position that Plaintiffs' post-arbitration demand under the Guarantee Contracts were too late and therefore unenforceable in New York.

94. Such acts were undertaken in bad faith to delay Plaintiffs from making a demand on Enel under the Guarantee Contracts, and to thereby provide Enel a basis to make its meritless argument that a post-arbitration demand for payment is too late under the Guarantee Contracts.

95. Through these actions, Enel abused its subsidiary's corporate form by guaranteeing the obligations of the undercapitalized Enel Contractor Sub, but later engineering a scheme to avoid such obligation"

(NYSCEF Doc. 46).

The allegations underlying plaintiff's breach of good faith claim all involve acts of Enel's subsidiaries. Given the presumption of corporate independence, these allegations can only stand against Enel if plaintiff seeks to pierce the corporate veil to hold the Enel liable for the acts of its subsidiaries. The allegations fall woefully short of that required to allege alter ego/veil piercing.

For instance, Plaintiff never explains what that the "scheme" was or the individuals involved. The only substantive allegations appear at paragraph 56 where plaintiff alleges that certain communications were signed by an individual purporting to be a representative of Enel Asset Manager Sub, but who was employed at the time by Enel or another entity in the Enel Group that Enel controlled (NYSCEF Doc. 46 ¶ 56). However, the complaint does not tell us who that person was. There are no allegations that Enel so dominated and controlled its subsidiaries, that corporate separateness was a sham. There are no allegations that Enel left its subsidiaries undercapitalized (all plaintiff pleads is that they were undercapitalized with no detail

[* 10]

that it was Enel's fault) and unable to pay the judgment, in order to avoid paying plaintiffs. There is simply speculation on top of speculation. This is insufficient to allege breach of the covenant of good faith and fair dealing through the manipulation of subsidiaries which is in essence a veil piercing theory (*G & Y Maint. Corp. v. Core Cont'l Constr. LLC*, 215 AD3d 553 [1st Dep't 2023][ plaintiff set forth only "conclusory allegations merely reciting typical veil-piercing factors"]; see also, *Dragons 516 Ltd. v. Knights Genesis Inv. Ltd.*, 226 AD3d 563 [1st Dep't 2024]; *Vitamin Realty Assocs. LLC v. Time Rec. Storage, LLC*, 193 AD3d 491 [1st Dep't 2021]).

Instead, the amended complaint places plaintiffs' gripes about delay squarely with the subsidiaries for failing to report in a timely fashion. Plaintiffs may have a claim against the subsidiaries for forcing it to miss its deadline in the guaranties, but without more, it does not have a claim against Enel for breach of the covenant of good faith through its subsidiaries. Accordingly, the court dismisses the claim for breach of the covenant of good faith and fair dealing without prejudice to repleading with proper veil piercing allegations.

### iii. Standing

Because the court dismisses for failure to make a demand before the guaranty terminated, it need not reach defendants' argument that the Plaintiff Facilities lack standing. The court has considered plaintiffs' remaining contentions and finds them unavailing.

Accordingly, it is

ORDERED that defendants' motion to dismiss is granted with prejudice as to the breach of guaranty cause of action, but without prejudice as to the claim for breach of the covenant of good faith and fair dealing; and it is further

656415/2023   PARQUE SOLAR DON JOSE S.A. DE C.V. ET AL vs. ENEL S.P.A.
Motion No. 002

Page 11 of 12

[* 11]

11 of 12

ORDERED THAT plaintiffs can have 20 days from the e-filed date of this decision and order to replead; and it is further

ORDERED THAT there shall be no motion practice whatsoever without prior conference with the court.

| 12/3/2024 | | |
|---|---|---|
| DATE | | |

CHECK ONE:

| | CASE DISPOSED | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|
| x | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |

APPLICATION:  □ SETTLE ORDER   □ SUBMIT ORDER

CHECK IF APPROPRIATE:  □ INCLUDES TRANSFER/REASSIGN   □ FIDUCIARY APPOINTMENT   □ REFERENCE

656415/2023   PARQUE SOLAR DON JOSE S.A. DE C.V. ET AL vs. ENEL S.P.A.        Page 12 of 12
Motion No. 002

12 of 12