## 2785 Broadway LLC v Harmony Uptown Cleaners Corp.

2025 NY Slip Op 30017(U)

January 6, 2025

Supreme Court, New York County

Docket Number: Index No. 153312/2022

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JUDY H. KIM**          PART          **04**

*Justice*

-------------------------------------------------------------------------------X

2785 BROADWAY LLC,

            Plaintiff,

         - v -

HARMONY UPTOWN CLEANERS CORP., SEUNG WOOK
BAEK,

            Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153312/2022 |
| MOTION DATE | 08/03/2022 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29

were read on this motion for             JUDGMENT - SUMMARY         .

Upon the foregoing documents, plaintiff's motion for summary judgment is granted.

Plaintiff is the owner of the building located at 2785 Broadway, New York, New York (the "Building"). On October 1, 2016, plaintiff's predecessor-in-interest leased the "Commercial (Dry Cleaner) space" and basement below in the Building (the "Premises") to defendant Harmony Uptown Cleaners Corp. from that date through September 30, 2023, pursuant to a Lease Agreement (the "Lease"). Defendant Seung Wook Baek executed a Good Guy Guaranty of Payment (the "Guaranty") contemporaneously with the execution of the Lease guaranteeing "all amounts due under such Lease and performance by [Harmony] of all covenants and obligations which accrue from and after the date of the defaulted payment or covenant or obligation which gives rise to the triggering default up to and until the date on which the Demised Premises are vacated and keys and possession of the Demised Premises are turned over to Owner" (NYSCEF Doc. No. 11 [Guaranty]).

153312/2022   2785 BROADWAY LLC vs. HARMONY UPTOWN CLEANERS CORP. ET AL          Page 1 of 9
Motion No.  001

1 of 9

[* 1]

On April 17, 2022, plaintiff commenced this breach of contract alleging that Harmony had failed to pay rent and additional rent due under the Lease since November 5, 2018, and asserts claims for Harmony's breach of the Lease, Baek's breach of the Guaranty, and attorney's fees. Defendants interposed an Answer on May 18, 2022, asserting affirmative defenses of Administrative Code §22-1005, frustration of purpose, waiver and estoppel, impossibility, infeasibility, and lack of personal jurisdiction.

Plaintiff now moves, pursuant to CPLR 3025(c), to amend its pleading to reflect the rent and additional rent which has accrued as of the date of its motion and, pursuant to CPLR 3212, for summary judgment on its complaint and dismissing defendants' affirmative defenses. In support of its motion, plaintiff submits the affidavit of Chris DeAngelis, a member of plaintiff, in which he attests that unpaid rent, additional rent, real estate tax charges, and expenses for re-letting the Premises—all of which are Harmony's obligations under the Lease—amounts to $407,028.68, but seeks a judgment against Harmony in the amount of $354,528.68, accounting for a $52,500.00 judgment entered in favor of plaintiff's predecessor-in-interest in an eviction proceeding in New York County Civil Court, Noam Associates LLC v. Harmony Uptown Cleaners Corp., under L&T Index No. 73656/2018. Plaintiff submits a rent ledger documenting these amounts. Plaintiff seeks a judgment in its favor on its second cause of action, against Baek, for the full $407,028.68 outstanding, asserting that the Civil Court Judgment should not be deducted from this award because that judgment is only against Harmony.

## DISCUSSION

Plaintiff's motion to amend its complaint is granted, as defendant does not argue that such amendment would prejudice it or take issue with plaintiff's calculation of outstanding rent and additional rent through the date of the motion.

153312/2022   2785 BROADWAY LLC vs. HARMONY UPTOWN CLEANERS CORP. ET AL                    Page 2 of 9
    Motion No.  001

2 of 9

[* 2]

Plaintiff's motion to dismiss defendants' affirmative defenses is also granted. All of the affirmative defenses are "conclusory and boilerplate, and to that extent inadequately pled" (Bd. of Managers of Park Ave. Ct. Condominium v Sandler, 48 Misc 3d 1230(A) [Sup Ct, NY County 2015] citing Kronish Lieb Weiner & Hellman LLP v Tahari, Ltd., 35 AD3d 317, 319 [1st Dept 2006]). Even setting this aside, "[a]lthough [Harmony] lost business during the Covid-19 pandemic, it did not demonstrate that the purpose of the contract had been completely thwarted, and thus the defenses of frustration of purpose, force majeure and impossibility of performance are inapplicable" (9-11 Stanton St. Realty Corp. v Stanton St. Cleaners, Inc., 222 AD3d 570, 571 [1st Dept 2023]; see also Fives 160th, LLC v Zhao, 204 AD3d 439, 440 [1st Dept 2022] ["the pandemic cannot serve to excuse a party's lease obligations on the grounds of frustration of purpose or impossibility"]). Neither does Administrative Code §22-1005 apply here, as it protects individual guarantors for certain nonessential businesses impacted by the COVID-19 pandemic while Harmony's dry-cleaning business was an "essential business" under Executive Order No. 202.6 (See 75 Commercial, LLC v Sung An, 209 AD3d 574, 574-75 [1st Dept 2022]). Finally, defendants have waived the affirmative defense of lack of personal jurisdiction by failing to timely move for judgment on that basis (See CPLR 3211[e]).

Plaintiff's motion for summary judgment on its complaint is also granted. "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible

153312/2022  2785 BROADWAY LLC vs. HARMONY UPTOWN CLEANERS CORP. ET AL
Motion No.  001

Page 3 of 9

3 of 9

form sufficient to establish the existence of material issues of fact which require a trial of the action" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986] [internal citations omitted]).

As to its first cause of action, plaintiff has established Harmony's breach of the Lease through its submission of the Lease and affidavit of Chris DeAngelis attesting to Harmony's failure to pay the rent and additional rent and calculation of the amounts due under the Lease through the undisputed rent ledger (See e.g., Thor Gallery at S. Dekalb, LLC v Reliance Mediaworks (USA) Inc., 143 AD3d 498, 498-99 [1st Dept 2016]). Specifically, plaintiff has established that outstanding rent and additional rent from November 5, 2018 to the date the motion was filed, and liquidated damages under the Lease, totals $354,528.68. As the damages from Harmony's breach of the lease were incurred at various times, statutory interest shall accrue on this amount from the intermediate date between November 5, 2018 and August 3, 2022, i.e. September 18, 2020 (CPLR 5001[b]). To the extent plaintiff may be entitled to further damages under the Lease—in particular, paragraph 18, requiring Harmony to make up the deficiency in rent should the Premises be relet upon its vacatur—for the remainder of the Lease term, the determination of this amount is referred to the Special Referee.

As to its second cause of action, plaintiff has established Baek's breach of the Guaranty through proof of the Guaranty's absolute and unconditional guaranty of Harmony's obligations under the Lease, Harmony's default under that Lease, and Baek's failure to honor Harmony's obligations (See L. Raphael NYC CI Corp. v Solow Bldg. Co., L.L.C., 206 AD3d 590, 592-593 [1st Dept 2022] ["On a motion for summary judgment to enforce a written guaranty, all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty"]). However, the Court does not credit plaintiff's conclusion that Baek owes $407,028.68 under the Guaranty. The Guaranty confines Baek's

153312/2022   2785 BROADWAY LLC vs. HARMONY UPTOWN CLEANERS CORP. ET AL          Page 4 of 9
Motion No.  001

4 of 9

liability to "all amounts due under such Lease and performance by Tenant of all covenants and obligations which accrue from and after the date of the defaulted payment or covenant or obligation which gives rise to the triggering default up to and until the date on which the Demised Premises are vacated and keys and possession of the Demised Premises are turned over to Owner" and, as DeAngelis attests, Harmony vacated the Premises on May 31, 2021. Therefore, Baek is liable only for amounts outstanding as of that date (See ROC-Lafayette Assoc., LLC v Sturm, — NYS3d —, 2024 NY Slip Op 06016 [1st Dept 2024] [internal citations omitted]; see also Preamble Properties, L.P. v Thomas K. Woodard Antiques Corp., 293 AD2d 330, 331 [1st Dept 2002]), which, per the rent ledger, totaled $227,090.24. Moreover, and contrary to plaintiff's claim, the Civil Court judgment rendered in favor of plaintiff's predecessor-in-interest against Harmony must also be applied to any judgment against the Guarantor, to avoid an unjust windfall for plaintiff through a double recovery (See W. & M. Operating, L.L.C. v Bakhshi, 159 AD3d 520, 522 [1st Dept 2018]; see also Traders Co. v Ast Sportswear, Inc. 2006 WL 5111060 [Sup Ct, NY County 2006]). Accordingly, after reducing the $227,090.24 in outstanding rent arrears as of the date of Harmony's vacatur by the $52,500.00 of the Civil Court Judgment, Baek is obligated for $174,590.24 in outstanding rent and additional rent under the Guaranty, jointly and severally with Harmony. Statutory interest on this amount shall accrue beginning on the intermediate date halfway between November 5, 2018 and May 31, 2021, i.e., February 17, 2020.

Finally, plaintiff's motion for summary judgment is granted as to plaintiff's third cause of action, as it has established its entitlement to attorney's fees under Article 19 of the Lease and section 11 of the Guaranty. However, as plaintiff has not submitted any evidence documenting its reasonable attorney's fees, the determination of same is also referred to the Special Referee.

153312/2022   2785 BROADWAY LLC vs. HARMONY UPTOWN CLEANERS CORP. ET AL          Page 5 of 9
  Motion No.  001

5 of 9

Accordingly, it is

**ORDERED** that plaintiff's motion to amend its complaint is granted; and it is further

**ORDERED** that plaintiff's motion for summary judgment is granted and it is further

**ORDERED** that defendants' affirmative defenses are dismissed; and it is further

**ORDERED** that, as to plaintiff's first cause of action, plaintiff is granted a judgment as against Harmony Uptown Cleaners, Corp., in the amount of $354,528.68—accounting for unpaid rent, additional rent, and liquidated damages from November 5, 2018 through August 3, 2022— with interest at the statutory rate from September 18, 2020 until the date of entry of this judgment, as calculated by the Clerk, together with costs and disbursements to be taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

**ORDERED** that as to second cause of action plaintiff is granted a judgment against Seung Wook Baek in the amount of $174,590.24 with interest at the statutory rate from the date of February 17, 2020 through the date of entry of this judgment, as calculated by the Clerk, together with costs and disbursements to be taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further

**ORDERED** that a JHO or Special Referee shall be designated to hear and report to this Court (or, upon the parties' consent, to hear and determine) the following individual issues of fact, which are hereby submitted to the JHO/Special Referee for such purpose:

(i)     the total amount of damages due and owing by Harmony Uptown Cleaners, Corp. under the Lease from August 3, 2022 through September 30, 2023; and

(ii)    plaintiff's reasonable attorneys' fees; and it is further

**ORDERED** that the powers of the JHO/Special Referee shall not be limited beyond the limitations set forth in the CPLR; and it is further

153312/2022   2785 BROADWAY LLC vs. HARMONY UPTOWN CLEANERS CORP. ET AL
Motion No.  001

Page 6 of 9

[* 6]

6 of 9

**ORDERED** that this matter is hereby referred to the Special Referee Clerk (Room 119, 646-386-3028 or spref@nycourts.gov) for placement at the earliest possible date upon the calendar of the Special Referees Part (Part SRP), which shall assign this matter at the initial appearance to an available JHO/Special Referee to hear and report as specified above; and it is further

**ORDERED** that counsel shall immediately consult one another and counsel for plaintiff shall, within fifteen days from the date of this order, submit to the Special Referee Clerk by fax (212-401-9186) or e-mail an Information Sheet (accessible at the "References" link on the court's website) containing all the information called for therein and that, as soon as practical thereafter, the Special Referee Clerk shall advise counsel for the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further

**ORDERED** that the plaintiff shall serve a proposed accounting within twenty-four days from the date of this order and the defendant shall serve objections to the proposed accounting within twenty days from service of plaintiffs papers and the foregoing papers shall be filed with the Special Referee Clerk prior to the original appearance date in Part SRP fixed by the Clerk as set forth above; and it is further

**ORDERED** that the parties shall appear for the referenced hearing, including with all witnesses and evidence they seek to present, and shall be ready to proceed with the hearing, on the date fixed by the Special Referee Clerk for the initial appearance in the Special Referees Part, subject only to any adjournment that may be authorized by the Special Referees Part in accordance with the Rules of that Part; and it is further

153312/2022   2785 BROADWAY LLC vs. HARMONY UPTOWN CLEANERS CORP. ET AL          Page 7 of 9
Motion No.  001

7 of 9

[* 7]

**ORDERED** that, except as otherwise directed by the assigned JHO/Special Referee for good cause shown, the trial of the issue(s) specified above shall proceed from day to day until completion and counsel must arrange their schedules and those of their witnesses accordingly; and it is further

**ORDERED** that counsel shall file memoranda or other documents directed to the assigned JHO/Special Referee in accordance with the Uniform Rules of the Judicial Hearing Officers and the Special Referees (available at the "References" link on the court's website) by filing same with the New York State Courts Electronic Filing System (see Rule 2 of the Uniform Rules); and it is further

**ORDERED** that any motion to confirm or disaffirm the Report of the JHO/Special Referee shall be made within the time and in the manner specified in CPLR 4403 and Section 202.44 of the Uniform Rules for the Trial Courts; and it is further

**ORDERED** that, unless otherwise directed by this Court in any Order that may be issued together with this Order of Reference to Hear and Report, the issues presented in any motion identified in the first paragraph hereof shall be held in abeyance pending submission of the Report of the JHO/Special Referee and the determination of this Court thereon; and it is further

**ORDERED** that plaintiff shall, within ten days of the date of this decision and order, serve a copy of this decision and order with notice of entry upon defendants as well as the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to enter judgment accordingly; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on*

**153312/2022   2785 BROADWAY LLC vs. HARMONY UPTOWN CLEANERS CORP. ET AL          Page 8 of 9**
  **Motion No.  001**

8 of 9

*Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the

"EFiling" page on this court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of the Court.

| 1/6/2025 | | | | HON. JUDY H. KIM, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |
| **CHECK ONE:** | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
| | **X** | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | **X** | REFERENCE |

153312/2022   2785 BROADWAY LLC vs. HARMONY UPTOWN CLEANERS CORP. ET AL          Page 9 of 9
Motion No.  001

9 of 9