213 W. 23rd St. LLC v Crunch Holdings LLC (2025 NY Slip Op 03239)

213 W. 23rd St. LLC v Crunch Holdings LLC

2025 NY Slip Op 03239

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Kern, J.P., Gesmer, Mendez, O'Neill Levy, Michael, JJ. 

Index No. 652822/22|Appeal No. 4117|Case No. 2024-02287|

[*1]213 West 23rd Street LLC, Plaintiff-Appellant,
v
Crunch Holdings LLC, Defendant-Respondent, Crunch West 23rd Street, LLC, Defendant.

Levy Goldenberg LLP, New York (Andrew R. Goldenberg of counsel), for appellant.
Adler & Stachenfeld LLP, New York (Kirk L. Brett of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered April 2, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff landlord 213 West 23rd Street LLC's motion for summary judgment against defendant guarantor Crunch Holdings LLC on the guaranty, unanimously affirmed, without costs.
The landlord's motion for summary judgment against the guarantor was correctly denied. The motion court properly determined that nothing in the good-guy guaranty required the guarantor to obtain the landlord's consent to surrender. Where a guaranty does not incorporate the surrender terms of the lease by reference or include an express term in the guaranty requiring the landlord's written consent to the surrender in order for the guarantor to be released from liability, the tenant's obligation to obtain the landlord's consent under the lease cannot be imputed to the guarantor under the guaranty (see ROC-Lafayette Assoc., LLC v Sturm, 233 AD3d 418, 420 [1st Dept 2024] ["while tenant was required to obtain written consent of the surrender from (the) plaintiff under the lease, the motion court improperly determined that tenant's failure to do so precluded the guarantors' avoidance of liability for unpaid rent after tenant's surrender"]). Here, unlike in 122 E. 42nd St., LLC v Scharf (211 AD3d 517 [1st Dept 2022], lv granted 40 NY3d 903 [2023]), the lease was not incorporated by reference into the parties' good-guy guaranty, nor was surrender defined to require vacatur in the condition required by the lease, as was the case in Empire LLC v Sharapov (192 AD3d 417, 418 [1st Dept 2021]). Accordingly, the motion court properly rejected landlord's assertion that the good-guy guaranty here required the guarantor to obtain the landlord's consent in writing before surrendering the premises.
The court also properly determined that questions of fact preclude a finding that the premises were in broom-clean condition on the date of surrender as required by the good-guy guaranty. We note that in its earlier December 14, 2023 order, the motion court sanctioned plaintiff for its destruction of hundreds of emails potentially relevant to the action by issuing an adverse inference in defendants' favor that "the deleted emails would not have supported plaintiff's position that defendants did damage to the premises" (213 W. 23rd St. LLC v Crunch Holdings LLC, 2023 NY Slip Op 34421[U], *7 [Sup Ct, NY County 2023]). Because the factual circumstances surrounding the vandalism and the removal of fixtures cannot be resolved on this record, whether the damages accrued before the guarantor's liability terminated must be determined by the factfinder (Russo v Heller, 80 AD3d 531, 532 [1st Dept 2011] [good-guy guaranties generally apply only to "obligations which accrue prior to the surrender of the lease premises"]).
We have considered the landlord's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME [*2]COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025